SIMON, Justice.
 

 Upon the application of relator, Employers Casualty Company, we granted writs in this case, but limited solely to a consideration of the difference in views entertained by the First and Second Circuit Courts of Appeal on the question of whether attorney’s fees assessable under LSA-R.S. 22:658
 
 [1]
 
 are restricted by the provisions of LSA-R.S. 23:1141
 
 [2]
 
 .
 

 The Court of Appeal, Second Circuit, in affirming the lower court’s judgment, expressly held that an award of reasonable attorney’s fees is properly allowable under the provisions of the Insurance Code, supra, when invoked as a penalty; that the $1,000 limitation of attorney’s fees as prescribed in the Workmen’s Compensation
 
 *1088
 
 Act, supra, is not restrictive of nor does it circumscribe the award as authorized as a penalty by the Insurance Code, supra; that such penalty awards accrue to the attorney, but which must be credited against the maximum permissible under the Compensation Act.
 

 After a careful consideration of the legal issues posed, we are convinced that the able and painstaking opinion rendered by the Court of Appeal, Second Circuit, with Judge Ayers as its author, is eminently sound in law and correctly sets at rest the conflict heretofore prevailing, so much so, that we shall adopt it as our own [96 So. 2d 534]:
 

 “Next for consideration is the question of the fixing and the allowance of the attorneys’ fees. Defendant contends that the allowance and fixing of the fees are governed bv the Workmen’s Compensation Statute, LSA-R.S. 23:1141, wherein it is prescribed that the maximum fee shall in no case exceed $1,000. Plaintiff contends that the fee should be fixed and assessed as a penalty under the provisions of the Insurance Code, LSA-R.S. 22:658, as amended by Act 417 of 1952, which provides for the fixing of a reasonable attorneys’ fee as a penalty for the prosecution and collection of losses under insurance contracts or for the collection of compensation due employees under the Workmen’s Compensation Statute. Defendant cites in support of its contention the case of Gloston v. Coal Operators Casualty Co., La.App. 1955, 85 So.2d 100, wherein our brethren of the First Circuit without a discussion of reasons therefor held that the provisions of the Compensation Statute applied, and reduced an attorney’s fee to $1,000. We are not in accord with that ruling.
 

 “The penalty provision is found in the aforesaid provisions of the Insurance Code. This provision specifically applies to all forms of insurance, including workmen’s compensation insurance. The provisions for the fixing of attorney’s fees in the compensation statute are, in our opinion, clearly intended as a protection to the employee, in that the statute limits recovery of attorneys’ fees which are payable out of the employee’s award. In the case of the incurring of penalties, including attorneys’ fees, by the employer’s insurer there is no necessity for the protection of the employee as such penalties are not payable out of his award. The statute providing for the infliction of penalties in certain cases, including workmen’s compensation cases, prescribes no statutory maximum, other than that the attorneys’ fee must be reasonable, that is, com
 
 *1090
 
 mensúrate with and based on the reasonable value of the services rendered.
 

 “Defendant’s contention, if followed to its logical conclusion, would lead to results clearly not intended by the statute. If the provisions of the Workmen’s Compensation Statute limiting the weekly benefits are to be followed then an employee drawing compensation at the maximum rate would be deprived of the penalties under the Insurance Code because if he were awarded such penalties his compensation would increase beyond the maximum rate specified in the Compensation Statute. Obviously, that was not the intent of the statute. It is perfectly clear, therefore, that the penalty provisions of the Insurance Code are to apply notwithstanding the provisions of the Workmen’s Compensation Act prescribe maximum benefits out of which a maximum attorneys’ fee may be fixed.
 

 “As a matter of equitable consideration it may be pointed out that over the years the maximum rate of the compensation has increased from $20 to $35 per week and the allowance for medical expenses has increased from $250 to $2,500, but no change has been effected in the maximum attorneys’ fees.
 

 “There is no provision in the compensation statute requiring the employer’s insurer to pay an attorneys’ fee. The provision for such fees as penalties is contained in the Insurance Code where the only limitation is that the fee must be reasonable. Therefore, the fee should be fixed without regard to the provisions of the Workmen’s Compensation Law, which is wholly and entirely inapplicable.
 

 “The application of the provisions of the Insurance Code, as to penalties, including attorneys’ fees, was recognized in Wright v. National Surety Corporation, 1952, 221 La. 486, 59 So.2d 695, where an attorney’s fee was fixed and assessed against the employer’s insurer pursuant to such statute. That the fee allowed was only $750 could in no wise be construed as a fixing under the provisions of the Workmen’s Compensation Law, which as stated, makes no provision for the assessment of any attorney’s fee against the employer’s insurance carrier.
 

 “In a case of this kind it has been held there is no necessity for proof to be offered as to the value of the services of an attorney; that the court can best fix the fees. Daigle v. Great American Indemnity Co., supra [La. App., 70 So.2d 697], Crowell v. New Hampshire Fire Insurance Co., supra
 
 *1092
 
 [La.App., 147 So. 762]; Brooks v. Liverpool & London & Globe Insurance Co., La.App.1932, 144 So. 788; Hunt v. Hill, 1916, 138 La. 583, 70 So. 522. The judge who tried the case and who was familiar with all the work done by plaintiff’s attorneys, including all of its details, fixed and awarded a fee of $2,000. From a review of the record and our appreciation of the work done and the issues involved, the fee fixed is, in our opinion, reasonable and adequate and not excessive.
 

 “Next for consideration is the question as to the disposition of the attorneys’ fee, that is, whether the attorney or the client is entitled to the fee. A resolution of this question is implied in the statute .itself. LSA-R. S. 22:658 provides in part:
 

 “ ‘Failure to make such payment * * * shall subject the insurer to a penalty, in addition to the amount of the loss,
 
 of 12% damages on the total amount of the loss, payable to the insured, or to any of said employees, together with all reasonable attorney’s fees for the prosecution and collection of such loss *
 
 * *.’ (Emphasis supplied.)
 

 “Indicative of the above phraseology is that the twelve per cent damages as penalties are payable to the plaintiff and the attorneys’ fees to the attorneys. This construction clearly preserves the ethical prohibition against the division or splitting of fees and fulfills every requirement of justice, equity and ethics, particularly in view of the fact that the fee is fixed and determined upon the basis of the attorney’s skill and the amount of work performed by him in the prosecution and collection of the total claim. Therefore, inasmuch as the fee is so predicated, its fixing and determination is in lieu of any fee as may have been contracted upon the statutory basis of twenty per cent of the recovery, not, however, exceeding the maximum of $1,000. The intent of the penalty provisions of the Insurance Code is primarily designed to benefit an unjustly treated employee, who would benefit by having his attorneys’ fees paid from penalties assessed against the insurance carrier instead of out of his compensation award. No one should unjustly enrich himself at the expense of another; therefore, the client would not be entitled to the amount of a fee earned by his attorneys; nor would an attorney be entitled to an additional fee to be paid out of the compensation award.
 

 “The conclusion reached is that that portion of the penalties allowed as attorneys’ fees is due to plaintiff’s attorneys of record, but, in view of the privilege accorded attorneys for their
 
 *1094
 
 professional fees on judgments obtained by them, as provided in LSA-R.S. 9:5001, the decree in plaintiff’s favor for the recovery of such fee inures to their use and benefit.”
 

 For the reasons assigned, the judgment rendered, but confined within the scope of the writs issued, is affirmed at relator’s cost.
 

 [1]
 

 . Which fixes and assesses' attorney’s fees as a penalty under the provisions of the Insurance Code, as amended by Act 417 of 1952.
 

 [2]
 

 . Our Workmen’s Compensation Statute.