On Rehearing
HARDY, Judge.
Following rendition of judgment on our original hearing of this appeal applications for rehearing were filed by both parties plaintiff and defendant, each having appealed from the judgment of the district court. The application of defendants-appellants prayed for the granting of a rehearing for the purpose of clarifying the decree of this court with relation to an award of penalties. The application of plaintiff-appellant prayed for an increase in the amount allowed as attorney’s fees and the assessment of the penalty against the entire period of compensation at the amount fixed in our judgment.
Both applications were granted, restricted to a consideration of the issues of penalties and attorney’s fees.
The detailed facts involved were set forth in our original opinion. However, it is desirable to reiterate those points which have a bearing upon this reconsideration.
0ur original judgment condemned the defendants, in solido, to pay the sum of $31.20 per week, beginning October 28, 1958, during plaintiff’s period of disability, not exceeding four hundred weeks, together with interest at the legal rate and subject to a credit for payment of compensation for a period of twenty-nine weeks at $26 per week. No issue is tendered by reason of this portion of our decree, but the point raised on rehearing involves the further judgment which awarded plaintiff statutory penalties of
“■* * * twelve (12%) per cent of the difference between the amount of compensation paid and the amount awarded herein, with attorney’s fees of Five Hundred and No/100 ($500.00) Dollars for services rendered for the prosecution and collection of such amount.”
Admittedly the above portion of our decree is lacking in certainty and is entitled to reconsideration both as to the application of the penalty and the amount of attorney’s fees.
We reiterate the finding as expressed in our original opinion that defendant’s failure to pay compensation in the instant case *832 was arbitrary, capricious and without probable cause, which subjected the employer to payment of the penalty fixed in accordance with the provisions of LSA-R.S. 23:1201.2. The statutory provision fixes the penalty of 12% “of the total amount of such claim”, and further provides that “in the event a partial payment * * * has been made, 12% of the difference between the amount paid * * * and the amount found to be due * * * ” shall constitute the basis of computation of the penalty.
In the instant case we are concerned with both of the factual elements covered by the statute. Compensation payments were originally made to plaintiff on behalf of defendants upon the basis of an insufficient computation of $26 per week instead of the amount of $31.20 per week which was ascertained both by the trial court and this court as the correct amount. These payments were made for the period of October 28, 1958, to June 9, 1959, at which time they were discontinued and thereafter no further payments were made. Our original opinion found that both the insufficiency of the payments made and the discontinuance of payments were arbitrary in nature, subjecting defendants to the statutory penalty. Accordingly, it follows that this penalty should be fixed as applying to the difference between $26 and $31.20 for the period of October 28, 1958, to June 9, 1959, and thereafter the penalty should apply to the total weekly amount of $31.20 for the continuing period not exceeding four hundred weeks; Cain v. Employers Casualty Company, decided by this court, 96 So.2d 527, and approved by the Supreme Court, which adopted, in toto, the opinion of this Court, 236 La. 1085, 110 So.2d 108.
Next we approach the consideration of the amount awarded as attorney’s fees, which was fixed by the district court and affirmed by us at $500.
Careful reconsideration of the question of attorney’s fees convinces us that we erred in the computation thereof by reason of a misinterpretation of the statutory provision.
LSA-R.S. 23:1201.2, after providing for the allowance of reasonable attorney’s fees upon the difference between the amount paid and the amount found to be due, reads:
“Any such employer who at any time discontinues payment of claims due and arising under the provisions of this Chapter, when such discontinuance is found to be arbitrary, capricious, or without probable cause, shall be subject to penalties set forth above, payable to the claimant, together with all reasonable attorney’s fees for the prosecution and collection of such claims. The provisions of R.S. 23:1141 limiting the amount of attorney’s fees shall not apply in cases wherein the employer is found liable for penalties and attorney’s fees under the provisions of this Section.” (Emphasis supplied.)
Under the clearly expressed intent of the above statutory provisions it is obvious that the attorney’s fees in the instant case should be fixed upon the basis of (1) the services performed in collecting the difference between the amount paid by defendants and the correct amount as found to be due by the judgment of the trial and appellate courts over the period during which such partial payments were made, and (2) the services performed in prosecuting and collecting plaintiff’s claim for the entire amount of the judgment at the rate of $31.20 per week for a period of disability not exceeding four hundred weeks, less the period for which credit was allowed.
In the case of Cain v. Employers Casualty Company the judgment on appeal, which was affirmed by this Court and approved by the Supreme Court, fixed and allowed as reasonable an award of $2,000 as attorney’s fees. In the cited case the plaintiff recovered judgment as for permanent total disability for a period not exceeding four hundred weeks, less credit for payment *833 of compensation at the then existing maximum rate for a period of fifteen weeks.
Despite the slight distinction between the Cain case and that which is here under examination, which is found solely in the relationship between payment of compensation for fifteen weeks and thirty-two weeks respectively, we perceive no real difference in the services of the attorneys in the respective cases. We are therefore impelled to the conclusion that our allowance of attorney’s fees, by reason of the inadvertent error above noted, as fixed in our original decree was woefully inadequate and inequitable and should be increased to the sum of $2,000.
For the reasons set forth our judgment on original hearing is recalled, set aside and annulled, and,
It Is Ordered, Adjudged and Decreed that there be judgment herein in favor of the plaintiff, Fred Moore, and against the defendants, Robert Pullig, B. H. Davis and Allied Group Service, Inc., awarding the plaintiff, Fred Moore, workmen’s compensation benefits as for total and permanent disability and condemning the said defendants, in solido, to pay to plaintiff the sum of $31.20 per week from date of October 28, 1958, during the period of plaintiff’s disability, not exceeding a total of four hundred weeks, together with 5% per an-num interest on each past due weekly installment from the due date thereof until paid, subject to a credit of payments made by defendant at the rate of $26 per week over a period of twenty-nine weeks.
It Is Further Ordered, Adjudged and Decreed that the said named defendants be and they are hereby condemned, in solido, to pay as statutory penalties an additional 12% of the difference between the weekly payments of $26 and the award herein fixed at $31.20 per week for a period of twenty-nine weeks, and an additional penalty of 12% of all weekly payments which have or may become due under the above decree at the rate of $31.20.
It Is Further Ordered, Adjudged and Decreed that the said named defendants be and they are hereby condemned, in solido, to pay as statutory attorney’s fees the full sum of $2,000.
It Is Further Ordered, Adjudged and Decreed that the expert witness fees of Dr. J. A. Thomas be fixed at the sum of Fifty Dollars, and as fixed, taxed as a part of the costs therein. Defendants are cast for all costs of this suit, including the cost of appeal.