144 So.2d 918 (1962)
Delos H. STOCKSTILL
v.
BITUMINOUS CASUALTY CORPORATION et al.
No. 790.
Court of Appeal of Louisiana, Fourth Circuit.
September 17, 1962.
Rehearing Denied October 15, 1962.
Certiorari Denied November 27, 1962.
Frank S. Bruno, New Orleans, for plaintiff-appellee.
Adams & Reese, Henry B. Alsobrook, Jr., New Orleans, for defendants-appellants.
Before TATE, CARRIERE, and BAILES, JJ.
TATE, Judge.
This is a workmen's compensation suit. The claimant's employer and its insurer were held liable to the claimant for benefits for total and permanent disability. The defendant insurer was additionally held liable *919 for penalties and attorneys fees for the arbitrary nonpayment of compensation due.
The defendants-appellants concede that the claimant Stockstill sustained a compression fracture of a spinal vertebra in an accident at work on February 12, 1960, and that he was disabled until May 25, 1960, through which date they paid compensation benefits. By their appeal, they urge, however, (1) that the claimant has not proved any residual disability beyond May 25, 1960 resulting from the accident of February 12th, and (2) that, in any event, the refusal to pay compensation beyond May 25th was not arbitrary and capricious so as to subject the insurer to penalties under LSA-R. S. 22:658 for arbitrary non-payment thereof.
The evidence shows that the attending physician initially discharged the claimant as able to go back to work on May 25, 1960. The claimant thereafter endeavored to and did return at his former occupation. Despite assignment to lighter duties than normal, he was unable to work without pain, and he was unable to perform the heavier duties of his occupation. He therefore reported back to his attending orthopedist, who found the claimant to be disabled because of a weakening of his back caused by the compression fracture and who recommended surgery.
The claimant's present total disability to perform the duties of his work is proved by the testimony of this orthopedist, who examined and treated the claimant many times over an extended period of time, and by the examinations of two other medical specialists, as well as by substantial lay testimony concerning the plaintiff's unsuccessful efforts to return to his regular work, as well as his excellent prior work-record. Like the trial court, we do not find to be impressive the only contrary testimony relied upon by the defendants-appellants, namely, the opinion of a neurosurgeon who saw the claimant briefly many months after suit was filed and who was of the opinion that the residual from the compression back fracture was not disabling, although this specialist frankly admitted that the treatment and diagnosis of compression fractures fell within the field of the orthopedists testifying rather than within his own field of neurosurgery.
The overwhelming weight of the evidence proves that the claimant is entitled to benefits for total and permanent disability. See e. g. Reed v. Calcasieu Paper Co., 233 La. 747, 98 So.2d 175; McGee v. Reimers-Schneider Co., Inc., La.App. 1 Cir., 102 So.2d 566; Bynum v. Maryland Cas. Co., La.App. 1 Cir., 102 So.2d 547.
It is additionally argued by able counsel for the defendants-appellants that, even conceding disability was proven at the trial, nevertheless the defendant insurer should not be subjected to penalties for the arbitrary and capricious non-payment of compensation prior to suit.
Counsel first contends that the insurer was reasonably entitled to deny the demand for compensation and to litigate the plaintiff's claim because of its contention that "the plaintiff had sustained an accident which re-aggravated his pre-existing injury while he was working for his new employer" (p. 10 of the appellants' brief), since the evidence showed that the pain in the claimant's back did not recur until he returned to work for another employer after May 25, 1960.
This contention was not raised until long after suit was filed. The (apparently uninvestigated) possibility that another accident may have occurred aggravating the previous work-caused latent disabling condition does not excuse the non-payment of compensation.
The record is bare of the slightest evidence that the plaintiff sustained another disabling accident while at work for a subsequent employer; indeed, the evidence shows that the medical reason that the claimant felt pain upon his return to work *920 was simply because his back was no longer strong enough, because of the residual effects of the previous compression fracture, to perform the manual duties of his former employment. See Jackson v. Bruser, La.App. 1 Cir., 96 So.2d 850. Further, even if a disabling aggravation of the claimant's previous injury had occurred while at work for a second employer, the first employer is not relieved of a solidary liability for the full benefits due for total disability if the injury in the first employment is a contributing cause to the present total disability. Brock v. Jones & Laughlin Supply Co., La.App. 1 Cir., 39 So.2d 904; White v. Taylor, La.App. 2 Cir., 5 So.2d 337. Cf. also: Mitchell v. Travelers Ins. Co., La. App. 3 Cir., 136 So.2d 143, certiorari denied; Fontenot v. Great American Indemnity Co., La.App. 3 Cir., 127 So.2d 822; Stansbury v. Nat. Auto & Cas. Ins. Co., La. App. 1 Cir., 52 So.2d 300.
The defendant insurer also contends that it was not unreasonable in refusing to pay compensation to the claimant after May 25, 1960, because the attending physician had by a report of that date discharged the claimant as then able to return to work. However, on January 5, 1961, this same specialist by written report to the insurer informed it that he had seen the patient twice since May and that it was now his opinion that: "This man has sustained a mechanical change in the formation of his back as a result of his compression fracture and apparently his back is not able to compensate fully for him to get about and work without having pain develop in the back." On July 28, 1961, this physician recommended to the insurer that a spinal fusion be performed in order to minimize the disability resulting from the compression fracture. The insurer took no action as a result of these reports to it.
The plaintiff's suit was filed April 7, 1961. The defendant's answer to this suit was not filed until October 10, 1961. In this answer, the defendant insurer alleged that it had not paid compensation beyond May 27, 1960 in reliance upon the opinion of the attending physician of May 25, 1960 that the patient was no longer disableddespite the defendant insurer having in its possession medical reports from this same physician unequivocally stating his later opinion that, in the light of the later developments, it was his present opinion that the claimant was totally disabled as a result of the compression fracture sustained at work.
The uncontradicted medical evidence showed that the plaintiff was disabled at the time of suit. Under the circumstances, the defendant insurer cannot defeat the imposition of penalties and claim a good faith reliance upon the earlier medical opinion of nondisability, when it was subsequently withdrawn and changed to a diagnosis of disability; nor can it exculpate itself from penalties by the circumstance that, subsequent to the suit resulting from its arbitrary refusal to pay the compensation undoubtedly due at the time, a doctor (who examined the claimant once) opined that the plaintiff was not disabled. Seal v. Lionel F. Favret Co., 238 La. 60, 113 So.2d 468; Collins v. Southern Pulpwood Ins. Co., La.App. 3 Cir., 138 So.2d 638, certiorari denied; Gloston v. Coal Operators Cas. Co., La.App. 1 Cir., 85 So.2d 100, certiorari denied.
The trial court correctly held the defendant insurer liable under LSA-R.S. 22:658 for penalties of 12% upon the unpaid compensation and for attorneys fees. It is well settled that "a failure to pay or to tender an amount for which the employer is undoubtedly liable under the compensation act is arbitrary or unreasonable so as to require the imposition of statutory penalties whenever such failure is without legal basis and there is no serious question upon the merits that the employee is entitled to payment of such compensation benefits. [Citations omitted.]", Fruge v. Hub City Iron Works, Inc., La.App. 3 Cir., 131 So.2d 593, 599, certiorari denied.
The award of $1850 penalty attorneys fees is justified by the record. See *921 Cain v. Employers Casualty Co., 236 La. 1085, 110 So.2d 108; Murry v. Southern Pulpwood Ins. Co., La.App. 3 Cir., 136 So. 2d 165; Fontenot v. Travelers Ins. Co., La.App. 3 Cir., 125 So.2d 664; Monk v. Louisiana Forestry Commission, La.App. 3 Cir., 124 So.2d 351.
For the reasons assigned, the judgment of the trial court is affirmed at the cost of the defendants-appellants.
Affirmed.