FRUGÉ, Judge.
Rolin Marcantel instituted this workmen’s compensation suit against his former employer, White Painting Company, Inc., and its compensation liability insurer, The Travelers Insurance Company, alleging that he had been totally and permanently disabled due to a back injury incurred during the course of his employment. Defendants deny the occurrence of the alleged accident and the alleged resulting disability. After trial on the merits, the district court entered judgment for the defendants and dismissed plaintiff’s suit with prejudice and at his cost. Plaintiff has taken this appeal.
Plaintiff, age 21, was employed by White Painting Company, Inc. as a sand-blaster’s helper. At the time of the alleged accident he was working on an offshore drilling platform. His duties were of a nature requiring strenuous physical activity. Marcan-tel alleges that he injured his back on Thursday, May 16, 1963, while lifting one end of a 55-gallon drum of fuel. He testified that while lifting the fuel drum his feet slipped on loose sand and the weight of the barrel caused pain in his back. He stated that he complained of the pain to his friend and co-worker, Thomas Perron, but thought at that time that he had only “pulled a muscle.” He continued to work through Saturday, May 18, when at about 6:00 or 6:30 that evening he informed Mr. Rex White, his foreman, that he wished to go ashore for a couple of days because he wasn’t feeling well. He states that at that time he intended to return to work after two or three days of recuperation. Mar-cantel testified at the trial that he did not tell Mr. White of the accident or of the pain in his back. Previously, on deposition, Marcantel had stated that he had informed Mr. White of the back injury.
On the following Monday, after having returned to his home at Kinder, Louisiana, *750 he visited Dr. Thomas A. LaCour. He States that on that day he attempted by telephone to notify Mr. White of the injury hut was unable to contact him. No other attempt at notification of the injury was made by Marcantel. His attorney apparently wrote a letter of notification on May 30, 1963, the receipt of the letter, however, being disputed by White Painting Company.
Dr. LaCour testified at the trial that Mar-cantel related to him a history of industrial accident and that in his opinion Mar-cantel had suffered a mild back sprain. He was of the opinion that Marcantel should have recovered from his injury within approximately 8 weeks after the occurrence of the alleged accident. Dr. LaCour last examined plaintiff in connection with the back injury on June 3, 1963.
Plaintiff’s friend and co-worker, Thomas Perron, age 19, corroborated him as to the occurrence of the accident. At the time the alleged accident happened, Perron, who had been employed by defendant for only a few days, had already given notice that he intended to terminate his employment as of May 18, 1963, due to his dissatisfaction with the work. Perron and plaintiff left the drilling platform together on May 18 and returned to Kinder, Louisiana, where they both resided.
Defendants introduced the testimony of Mr. Rex White, superintendent for White Painting Company, Inc. Mr. White testified that plaintiff’s term of employment began on May 15, 1963. Plaintiff had worked for defendant previously for a short period and had then terminated his employment abruptly without prior notice in order to take another job. Mr. White stated that he would not have rehired plaintiff had White not been a friend of plaintiff’s father.
Mr. White testified that on May 18 plaintiff told him that he was quitting work and gave the reason, “I just can’t seem to stay on a job over two or three weeks at a time.” White said plaintiff made no mention of not feeling well or of having an accident. He stated that plaintiff did his regular work up until the time he left and did not make any complaints of pain while doing so.
Defense counsel elicited from Marcantel the fact that he had obtained court approved compromise settlements of two previous workmen’s compensation claims from two other former employers during the past five years. Plaintiff also had a pending compensation suit against another employer for whom he had worked after having left defendant’s employ.
It was established that plaintiff had been employed by at least eleven separate employers between the day the alleged accident occurred and the time of the trial of this case. One of these jobs held by plaintiff was that of a roughneck, which it seems requires substantially the same degree of physical activity as does that of the job of sand-blaster’s helper. In none of these instances of employment did plaintiff terminate the employment because of the alleged back injury.
Counsel for plaintiff, in his appellate brief, concedes that plaintiff has not proven total permanent disability, but contends disability was shown for a period of approximately 9 weeks. The trial judge, however, did not base his judgment merely on the lack of proof of disability but also, in great part, on the failure of plaintiff to establish the occurrence of an accident. Apparently the trial judge, who had opportunity to observe the demeanor of the witnesses, gave little credence to the testimony of plaintiff and plaintiff’s witness Perron. No doubt plaintiff’s work record and his prior and pending workmen’s compensation claims weighed heavily with the trial judge in his determinations as to credibility.
Prior workmen’s compensation claims are clearly not a bar to recovery; however, in a case where evidence as to the occurrence of an accident is conflicting, the *751 court may properly take these prior claims into account in weighing credibility. Card v. Southern Builders, Inc., La.App. 2 Cir., 11 So.2d 675; Chance v. American Mutual Liability Ins. Co., La.App. 1 Cir., 92 So.2d 493; Sibley v. Solvay Process Co., La.App. 1 Cir., 25 So.2d 101. See also Malone’s Louisiana Workmen’s Compensation Law and Practice, 1964 Supp. Sec. 252. The trial judge’s findings of fact will not be reversed on appeal unless manifestly erroneous since he is in a better position than a reviewing court to determine the credibility of witnesses. Hayes v. Louisiana Irrigation & Mill Co., La.App. 3 Cir., 168 So.2d 396.
That a workmen’s compensation claimant bears the burden of proving the existence of an accident and his resulting disability requires no citation of authority. Under the facts of this case, we cannot say that the district court manifestly erred in concluding that plaintiff had failed to prove his claim. The district court’s judgment is accordingly affirmed. Costs of this appeal are assessed to the plaintiff.
Affirmed.