199 So.2d 559 (1967)
Nelson DELAFOSSE, Plaintiff-Appellee,
v.
INDUSTRIAL PAINTERS, INC., et al., Defendants-Appellants.
No. 2013.
Court of Appeal of Louisiana, Third Circuit.
June 1, 1967.
Rehearing Denied June 29, 1967.
*560 Downs & Gremillion, by Field V. Gremillion, Alexandria, for defendants-appellants.
Bass & Lawes, by Joseph E. Bass, Jr., Lake Charles, for plaintiff-appellee.
Before TATE, FRUGE and HOOD, JJ.
TATE, Judge.
The plaintiff Delafosse sues his employer (Industrial) and its insurer for workmen's compensation benefits. The defendants appeal from an award for permanent and total disability plus penalties for arbitrary non-payment. The plaintiff answers the appeal to request an increase in the penalty attorney's fee awarded.
By their appeal, the defendants contend that the plaintiff did not preponderantly prove either an accident at work or a resultant work-caused disability.
1. The accident and the disability.
The plaintiff Delafosse was a common laborer working for Industrial. He testified that, while lifting a heavy sand bag, he felt a burning pain in his back. He tried to work the next two days, but left the job to report for medical attention after reporting the injury to his employer. The employer admitted that the claimant reported the injury to him. He stated, however, that Delafosse had not done so until he came back for his check on payday, some four days after he had left work in midday.
Within nine days of the injury, the plaintiff reported for treatment to a general practitioner, after first trying a chiropractor as recommended by his employer. The attending physician found the plaintiff to be disabled by a low back injury, as corroborated by objective symptoms. Within twelve days of the injury, Delafosse was examined by an orthopedist (Dr. Ambrister), who likewise diagnosed disability based upon objective symptoms. Based upon his extended observation and treatment, Dr. Ambrister found the plaintiff to be indefinitely disabled at the time of the trial (a year later) to return to common labor by reason of a herniated intervertebral disc producing nerve root irritation causing pain.
The defendant employer produced no testimony contradicting the accident. To disprove disability, the only evidence introduced was that of an orthopedist who examined the claimant only once for the present injury, about a year after the accident, and diagnosed no disability. He had also examined or treated the claimant in 1952 and 1954 for prior back injuries, with further negative examinations in 1961 and 1963 for alleged back disability.
The accident at work can be established by the testimony of the claimant alone, especially where as here there are corroborating circumstances. Hayes v. Louisiana Irrigation & Mill Co., La.App. 3 Cir., 168 So.2d 396, and authorities cited. Prior compensation claims or prior injuries may be taken into account in weighing credibility as to the claimant's testimony of the present accident or disability, but nevertheless the trial court's ultimate evaluation will not be disturbed on review in the absence of manifest error. Mercantel v. White Painting Co., La.App. 3 Cir., 171 So.2d 748. Also, despite an earlier disability from a previous injury of a similar nature, an employee is entitled to recover for disability independently resulting from a subsequent injury, especially where as here the employee becomes *561 symptom-free and returns to work without difficulty until the disability caused by the subsequent accident. Mitchell v. Travelers Insurance Co., La.App. 3 Cir., 136 So.2d 143, certiorari denied; Rials v. Hartford Accident and Indemnity Co., La.App. 3 Cir., 127 So.2d 579.
Under these principles, we will not disturb the trial court's conclusion that the uncontradicted lay testimony and the corroborating circumstances, as well as the great preponderance of the medical testimony, support a finding of total and permanent disability resulting from an accident at work.
The defendants-appellants urge, however, that an unfavorable inference should be drawn from the claimant's failure to call a co-employee who was present when he felt the sharp onset of the back pain, in order to corroborate his testimony of the accident at work. Nevertheless, we are unable to find the claimant's failure to call this coworker justifies reversal of the trial court's factual findings as manifestly erroneous.
In the first place, the co-employee's testimony was equally available to the employer, and there is no unfavorable inference to be drawn from a claimant's failure to call a co-employee merely to corroborate his own testimony. Meshell v. Sabine Lumber Co., La.App. 3 Cir., 137 So.2d 70. Further, a litigant is required only to prove his case by a preponderance of the evidence and, if as here he does so, no unfavorable inference attaches to his failure to call additional witnesses. Haynes v. Modern Woodmen of America, La.App. 3 Cir., 135 So.2d 548. Finally, even when an unfavorable inference attaches from a failure to call a witness, by itself it will not outweigh sworn evidence accepted as credible by the trier of fact. Evers v. State Farm Mut. Auto. Ins. Co., La.App. 3 Cir., 187 So.2d 217; Pierre v. Galloway, La.App. 1 Cir., 96 So.2d 916.
2. Penalties for arbitrary non-payment.
The trial court correctly assessed the defendant insurer with penalties of 12% upon compensation overdue and to become overdue more than sixty days, together with an attorney's fee in the amount of $2,000. Under LSA-R.S. 22:658, an insurer is liable for such penalties upon its arbitrary failure to pay amounts for which the employer is undoubtedly liable.
Here, the insurer entered a general denial to the plaintiff's claims of accident and disability by its answer of February 1, 1966, although the uncontradicted lay and medical testimony then available to it showed no serious reason to dispute the plaintiff's claim. A mere suspicion does not justify an insurer to withhold compensation of benefits for undoubted disability. Williams v. Travelers Insurance Co., La.App. 3 Cir., 157 So.2d 356. Likewise, the elicitation of adverse medical information after an arbitrary denial has precipitated the suit for compensation does not exculpate an insurer from such penalties. Stockstill v. Bituminous Casualty Corp., La.App. 4 Cir., 144 So.2d 918, certiorari denied.
Finally, despite the plaintiff's claim of insufficiency, the award of $2,000 of penalty attorney's fees did not constitute an abuse of the trial court's discretion in the matter. See, e. g.: Cain v. Employers Casualty Co., 236 La. 1085, 110 So.2d 108 ($2,000); Plaisance v. Collins Industries, Inc., La.App. 1 Cir., 193 So.2d 816, certiorari denied ($2,500); Stroud v. Tremont Lumber Co., La.App. 2 Cir., 193 So.2d 86, certiorari denied ($2,000); Funderburk v. Southwestern Iron Corp., La.App. 2 Cir., 180 So.2d 4 ($2,000); Monk v. Louisiana Forestry Commission, La.App. 3 Cir., 124 So.2d 351 ($2,500).
Decree.
Accordingly, we affirm the judgment of the trial court holding the employer and its insurer liable for compensation benefits *562 and also holding the insurer liable for penalties. The defendants-appellants are to pay the costs of this appeal.
Affirmed.

On Application for Rehearing.
En Banc. Rehearing denied.