BARHAM, Judge.
The plaintiff, Marion Edward Giddings, sustained an inguinal hernia July 12, 1966, in lifting a heavy object while helping to build a bridge for the Red River Parish Police Jury. This is an action for workmen’s compensation benefits against his employer’s insurer. The defendant appeals from an adverse judgment awarding compensation at the maximum rate for a period of 400 weeks, medical expenses not to exceed $2,500.00, and penalties and attorney’s fees for arbitrary non-payment of compensation.
Shortly after the accident, Giddings underwent surgical repair of the hernia and was discharged from the hospital after a week’s convalescence. He was discharged from medical care by the operating physician on December 1, 1966, and upon receipt of notice of such discharge the insurer discontinued compensation benefits. The report of the accident submitted by the employer to the insurer showed that Gid-dings worked only two days a week at the rate of $6.00 per day. The insurer paid the minimum rate of $10.00 per week from the date of accident to the date of discharge. Without prior demand, and immediately after suit was filed, on December 20, 1966, defendant paid to plaintiff compensation benefits which adjusted the previous payments based upon a $10.00 per week rate so as to equal a $35.00 per week rate from the time of injury through December 1, 1966. The record is devoid of evidence that Giddings, or anyone acting in his behalf, made any demand for an increase in the rate of compensation. The suit for compensation was the first demand that compensation be predicated upon the basis of a six-day week.
It is conceded that Giddings had a com-pensable injury and that the rate of compensation for that compensable injury was $35.00 per week until December 1, 1966. Plaintiff alleged that he was unable as of December 1st, or the time of trial, to resume the manual labor which was re *191 quired of him in his employment. Defendant answered denying any disability and contended that they were neither arbitrary nor capricious in making the $10.00 weekly payments and in terminating compensation based upon the medical report received December 1, 1966. They further contended that plaintiff failed to give them the required sixty day notice or demand as a further bar to penalties and attorney’s fees.
Dr. J. D. Huckabay was the plaintiff’s attending physician and a general practitioner who referred plaintiff to Dr. Harry E. Fair, Jr., a surgeon, for the hernia repair. Both of these doctors and Dr. James W. Tucker, a surgeon, examined plaintiff in January of 1967, just prior to the date of trial. Each of them found tenderness of the operational scar which they attributed to either involvement or neuroma of the ilioinguinal nerve. This nerve traverses the tissues of the abdomen where the normal surgical incision is made for inguinal hernia repair. A neuroma is a small “knot” or “body” that is formed on a nerve or which is caused by scar tissue forming on the nerve.
Plaintiff testified that because of intense pain he could not perform his usual duties. All of the medical testimony confirmed tenderness and pain and. conceded that a neuroma would cause pain in the exertion of heavy physical activity. It was generally Dr. Fair’s opinion that a gradual return to physical activity should be undertaken by the defendant. Dr. Tucker believed plaintiff to suffer from the neuroma, to be in pain at the time of the examination, and that such pain would be aggravated by physical activity. The treating and attending physician did not believe that plaintiff was able to return to the heavy physical activity required in his employment. Lay witnesses substantiated plaintiff’s claim of such severe pain as to render him disabled.
The conclusion as to whether or not the plaintiff suffered a total disability at the time of trial is a factual determination. Both expert testimony and lay testimony may be relied upon by the Court in determining this question. The trial court is in the best position to make a judgment in this regard. We concur in the finding of the lower court that at the date of trial the plaintiff was disabled from returning to his employment and was entitled to compensation during the period of disability.
LSA-R.S. 22:658 provides:
“All insurers * * * shall pay the amount of any claim due any insured including any employee under Chapter 10 of Title 23 of the Revised Statutes of 1950 [workmen’s compensation] within sixty days after receipt of satisfactory proofs of loss from the insured, employee or any party in interest. Failure to make such payment within sixty days after receipt of such proofs and demand therefor, when such failure is found to be arbitrary, capricious, or without probable cause, shall subject the insurer to a penalty, * * * together with all reasonable attorney’s fees. * * * ” (Emphasis supplied)
Defendant should have known that our State’s jurisprudence requires that compensation payments be based upon a six-day work week, regardless of the number of actual days in employment. Prior to 1956 there was some question as to what composed a “work week”. The Supreme Court in Carrington v. Consolidated Underwriters, 230 La. 939, 89 So.2d 399, clarified this question and make the absolute pronouncement that a six-day work week must be employed in computing workmen’s compensation benefits. (See Malone, Louisiana Workmen’s Compensation, Section 323).
Darby v. Johnson, La.App., 118 So.2d 707 (1st Cir., 1960), treated a problem similar to that which faces us in the instant case. However, the Darby case dealt with an employer under LSA-R.S. *192 23:1201.2 instead of the insurer under LSA-R.S. 22:658. The employer in the Darby case had always worked on a five-day work week and an eight-hour work day and he computed, upon legal advice, a five-day work week in paying compensation at the rate of $26.00 instead of the actual compensable rate of $35.00. The Court states therein:
“Although the employer may have been in good faith in paying compensation at an insufficient rate prior to the present suit, the allegations of the present petition specifically call to his attention that such compensation rate was ‘inadequate’ and that ‘the law of this State is now well-settled’ that a compensation rate of $35.00 per week (based on the rate of pay for a six-day work-week and not for a five-day week), was the correct one under the circumstances.”
The Darby case finally turned upon adequate sixty day demand by the filing of suit. It should be noted, however, that it was rendered against an employer and only a few years after the Supreme Court pronouncement in Carrington v. Consolidated Underwriters, supra. We believe the law to be so “well settled” and of such long duration now and this defendant to be such an informed one, that the refusal to compute the compensation rate on the basis of a six-day work week upon receipt of notice of injury was in itself arbitrary and capricious.
The notice received by them came only from the employer immediately after the accident and set forth a rate of pay of only $6.00 per day. The actual rate of pay exceeded $6.00. The correct rate of pay per day was not given to them by notice or demand until suit was filed. The notice from the employer was sufficient notice and demand so that defendant’s failure to compute compensation on a $36.00 weekly pay rate renders them liable for the imposition of penalties. However, that penalty should only attach to the difference between the actual compensation paid and the payment which should have been computed based upon the information received from the employer. Computing compensation on a $36.00 per week pay scale, and subtracting therefrom the amount paid in compensation by the defendant in the weekly $10.00 payments, gives a difference of $288.00. There is no proof before this Court of any arbitrariness in failure to pay medical. We conclude, therefore, that penalties at the rate of 12% on $288.00, or a total of $34.56, should be taxed against the defendant.
Defendant is also obligated to pay attorney’s fees, but those attorney’s fees should be calculated upon that portion of the demand which had been rejected arbitrarily and capriciously. We do not find defendant’s refusal to pay compensation after notice of discharge from medical care to be without “probable cause”. The factual determination litigated in the lower court and herein was reasonable and should have been subject to judicial review without the risk of penalties and attorney’s fees. Although there is no proof in the record as to the reasonable value for the attorney’s services, in compensation cases there is no necessity for such proof to be entered, and the court itself can fix the penalty attorney’s fees.
“Although there is no proof in the record as to the reasonable value of such service, it seems to be settled that in compensation cases there is no necessity for such proof to be entered and that the court itself can fix the penalty attorney’s fees. Cain v. Employers Casualty Co., 236 La. 1085, 110 So.2d 108, 110; see also, Thomas W. Hooley & Sons v. Zurich General Accident & Liability Ins. Co., 235 La. 289, 103 So.2d 449, 454, 67 A.L.R.2d 1078 (footnote 5), 67 A.L.R.2d 1078.” Finn v. Delta Drilling Company, 121 So.2d 340 (1st Cir., 1960).
As related to that portion of the suit in which the penalties are allowed, we conclude that the attorney’s fees in this *193 matter should be fixed at $250.00 for the prosecution and collection of such loss. However, this amount of attorney’s fees must be credited against that which would be paid by the plaintiff to the attorney under the prescribed statutory fees of the Workmen’s Compensation Act. Attorney’s fees that are earned within the statutory limits are not to be paid twice, i. e., by the plaintiff and the insurer, although any attorney’s fees granted as penalties above the statutory limit inure to the benefit of the attorney. Cain v. Employers Casualty Co., 236 La. 1085, 110 So.2d 108 (1959), affirmed the judgment of the Second Circuit Court of Appeal in 96 So.2d 527. The Supreme Court quoted from Judge Ayres’ opinion:
“ ‘No one should unjustly enrich himself at the expense of another; therefore, the client would not be entitled to the amount of a fee earned by his attorneys; nor would an attorney be entitled to an additional fee to be paid out of the compensation award/”
The district court judgment herein makes provision for medical expenses not to exceed $2,500.00. A close examination of the record reflects no proven medical expenses and no award can be made therefor. The judgment further made an award at the rate of $35.00 per week for 400 weeks, and this must be amended so as to reflect that the award is only for the period of disability and not ho exceed 400 weeks.
For all the reasons herein assigned, the judgment of the lower court is reversed in part, amended in part and recast.
It is therefore ordered, adjudged and decreed that there be judgment herein in favor of plaintiff, Marion Edward Giddings, and against the defendant, Coal Operators Casualty Company, for the payment of workmen’s compensation at the rate of $35.00 per week during his period of disability, but not to exceed 400 weeks, beginning July 12, 1966, subject to a credit for all payments previously made, with 5% per annum interest on each past due payment until paid.
It is further ordered, adjudged and decreed that the defendant pay 12% on each payment from July 12, 1966, until December 1, 1966, to the extent that such payment differed between the $10.00 paid and the $23.40 which should have been paid and which we now calculate and fix at $34.56. Defendant is further cast for attorney’s fees as penalties in the amount of $250.00.
It is further ordered, adjudged and decreed that the fees of plaintiff’s attorneys be and they are hereby fixed at 20% of the award made herein up to the sum of $5,-000.00, and at the rate of 10% of any and all sums received by plaintiff which may exceed the sum of $5,000.00, subject to the application of the $250.00 attorney’s fee award previously made as a credit thereon.
The defendant is cast for all costs of this suit and the appeal.