TATE, Judge.
Lejeune sues his employer and its liability insurer for workmen’s compensation payments. The trial court awarded him weekly benefits from April 18th through July 8, 1968.
Lejeune appeals, contending that he is additionally entitled (a) to compensation from December 28th, 1967, to April 18th, and also (b) to penalties and attorney’s fees for the arbitrary nonpayment of benefits due. By answer to the appeal, the defendants principally pray for allowance of certain credits.
The record reflects no serious dispute as to the following facts:
While at work for Coates, the plaintiff Lejeune fell and broke his sacrum (tailbone) on October 20, 1967. At his own insistence, the attending physician released him for return to work on November 27th, about a month later, although there was still a substantially painful residual from the accident.
On April 18, 1968, Lejeune suffered a disabling aggravation (by way of sacroiliac strain) of the initial work-injury. (He was working for another employer at the time, but the first employer is nevertheless liable for compensation for this disabling remanifestation of a disability resultant from the first work-accident. Stockstill v. Bituminous Casualty Corp., LaApp. 4th Cir., 144 So.2d 918.) He was cured without residual disability by July 8, 1968.
The principal dispute on the merits concerns whether Lejeune was disabled between his initial “discharge” in November, 1967, a month after the accident, and his re-injury in April, 1968. Insofar as the claimant himself testified to disabling pain during this entire interval, the trial court resolved this factual dispute against him by limiting the compensation to the period of disability following the re-injury.
We find no manifest error in his discounting as exaggerated the plaintiff’s subjective complaints during all of the period. However, the uncontradicted medical testimony of both the attending physician and the defendant's orthopedist does indicate that the minimum period of disability for *236 a fractured sacrum is three months. Tr. 40, 82. (The attending physician frankly admitted that the claimant was still disabled at the time of the initial “discharge”, adding that the claimant was released for a return to work only because of his own insistence.)
The medical evidence, corroborated by the claimant’s own testimony of substantial residual pain, preponderantly proves disability of at least three months following the date of the accident. As a matter of fact, the defendant insurer’s adjuster apparently recognized this by paying the claimant compensation through December 28th and by advancing him $100 more.[1] This may well have been the reason why the trial court did not allow further compensation for the initial disability, since, with these advances, the claimant has received within fifty dollars of the full three months’ compensation to which entitled.
Nevertheless, the claimant has shown by uncontradicted testimony that he is entitled to weekly compensation of $35 per week from October 20, 1967, to January 20, 1968, for the first disability, and that he has not yet received these full compensation benefits to which entitled. He is entitled to amendment of the judgment to this effect.
With regard to the remaining contention of error, we find that the trial court correctly rejected the claim for penalties and attorney’s fees for arbitrary nonpayment of compensation. LSA-R.S. 22:658. The defendant insurer prematurely terminated compensation benefits on the first disability in good faith reliance upon the attending physician’s release, and it failed to pay benefits for the second disability in reliance upon the examination and report of its orthopedist showing no recurrent disability associated with the initial accident at work for the insured employer.

Decree

For the foregoing reasons, the judgment of the trial court is amended so as additionally to award workmen’s compensation benefits at the rate of Thirty-Five and No/ 100 ($35.00) Dollars per week from October 20, 1967, to January 20, 1968, together with legal interest thereupon from date of delinquency until paid, less credit for compensation paid and for One Hundred and No/100 ($100.00) Dollars advanced. The plaintiff-appellant is to pay one-half the costs of this appeal, the defendants-appellees one-half.
Amended and affirmed.
On Application for Rehearing.
En Banc. Rehearing denied.

. The defendant’s answer to the appeal requests credit for these compensation payments between November 27th and December 28th, and for this $100 advanced. This relief will be afforded in the decree.