CRAIN, Judge.
Plaintiff-appellee, Franklin D. McGuire, instituted suit against his employer, Everett Lowrance, Inc., and its insurer, St. Paul Insurance Company, for workmen’s compensation benefits based on total and permanent disability. The Trial Court found that he was totally and permanently disabled and granted judgment in his favor in the amount of $49.00 per week for a period of 500 weeks. From this judgment *60 defendants have appealed assigning as error plaintiff’s failure to sustain his burden of proof that his condition was a result of the accident at issue herein, and that alternatively, plaintiff’s present condition is not one of total and permanent disability. Plaintiff-appellee answered the appeal asking that defendant-appellant be assessed with penalties and attorney fees.
Plaintiff was employed as a truck driver with the defendant, Everett Lowrance, Inc. On or about October 5, 1970, he was involved in an automobile accident near Po-tosí, Missouri. The fact of the occurrence of the accident is, not in dispute. In his testimony, plaintiff revealed that immediately following the accident, he was examined by a doctor in Potosí who treated him for a cut on the head. He thereafter returned to Louisiana where he was sent by the defendant insurer to see Dr. Dabney Ewin on October 7, 1970. Dr. Ewin found no orthopaedic problems. He was later seen by Dr. Arthur J. Axelrod, an associate of Dr. Ewin on October 21, 1970. Dr. Axelrod testified that plaintiff stated he felt all right so without further examination he discharged plaintiff as able to return to work.
Later plaintiff went to Dr. Irvin I. Ro-sen, a practitioner in the field of general medicine in Amite, Louisiana. Dr. Rosen recommended to plaintiff that he see an orthopaedic surgeon. On January 18, 1971, Mr. McGuire was examined by Dr. Hebert K. Plauche, an orthopaedic surgeon and member of the Baton Rouge Ortho-paedic Group.
Dr. Plauche initially diagnosed Mr. McGuire’s condition as a compression fracture of the bodies t — 11 and t — 12 of the vertebral column and had Mr. McGuire fitted for a Jewett extension back brace. The plaintiff wore the back brace for several weeks and Dr. Plauche reports that as of April 26, 1971, x-rays of the thoracic spine revealed complete healing in good alignment and position of the compression fractures of t — 11 and t — 12. Plaintiff was advised at that time to discontinue use of the brace and was discharged from the doctor’s care.
Upon continuing to experience difficulty after his discharge McGuire returned to Dr. Plauche and was referred by him to Dr. Robert C. Leaver, a neurosurgeon, who recommended that Mr. McGuire be admitted to the hospital for a diagnostic myelog-raphy. On the 15th day of June, 1971, exploratory surgery was carried out, and a large protrude,d intervertebral disc wás dis- . covered with an extruded free fragment of disc material being noted and removed. At the time of the hearing, Mr. McGuire was convalescing from the surgery that had been performed by Dr. Leaver.
Defendant-appellant copten4s That plaintiff has failed to sustain his burden of proof in establishing the causal connection between the accident occurring on October 5, 1970, and the subsequently discovered compression fracture and ruptured disc condition. They contend that Dr. Ewin’s first examination of the plaintiff on October 7, 1970 failed to reveal any symptoms compatible with a compression fracture. They conclude that if the plaintiff did not have a compression fracture on October 7, 1970, he must have acquired such after that date, along with the ruptured disc which creates the present disability.
Dr. Ewin took no x-rays of plaintiff on October 7, 1970. However, to buttress their contention, defendant would introduce x-rays of plaintiff taken in Missouri on the date of the accident which they claim would show no compression fracture. These x-rays would be introduced along with the deposition of Mrs. Darlene Duty, Medical Records Custodian of the Washington County Memorial Hospital in Poto-sí, Missouri. Neither the deposition nor the x-rays were available at trial. The trial judge stated he would reserve his ruling on the x-rays, but the record indicates he did not consider them in his decision.
Without regard to the admissibility of the deposition of the medical records *61 custodian taken after proper notice, which the Court does not believe could bear on the result reached herein, we believe the trial judge was correct in not considering the x-rays. Counsel for defendant told the trial judge the x-rays would be proved by the radiologist. Yet, neither the x-rays, the radiologist, nor the deposition of the radiologist was presented to the Court. Thus the x-rays were properly excluded.
- Although -Drs. Axelrod and Ewin did not find McGuire to be suffering from a compression fracture or disc problem on their initial examination, the possibility of its existence was not precluded. Dr. Ewin testified as follows:
“Q. Doctor, have you ever had a back injury?
A. No.
Q. Have you treated many patients for herniated or ruptured discs ?
A. I have treated many patients who have them.
Q. Is it necessary for a person with this type of injury to have any type of abrasion near the disc?
A. No.
Q. And is it not possible that a disc condition can worsen over a period of time?
A. Yes.
Q. Is it not possible that on initial examination of a patient, a disc may not be discovered and later be discovered ?
A. Yes.”
The record reveals that the permanently disabling condition suffered by Mr. McGuire resulted from the intervertebral disc. No evidence was introduced to show a history of disc problems or to show some intervening cause which might have produced the disc problem which disabled McGuire. In Bertrand v. Coal Operators Casualty Company, 253 La. 1115, 221 So.2d 816 (S.Ct.1969), it was held by the Supreme Court that:
“Where there is proof of' an accident and of a following disability without any intervening cause, it is presumed that the accident caused the disability.” Bertrand v. Coal Operators Casualty Company, page 827.
The record contains sufficient proof for the trial court’s decision, and we find no manifest error.
Addressing ourselves to the defendant-appellant’s second contention that McGuire was not totally and permanently disabled as a result of the accident, we find that the trial court had sufficient basis for a holding of total and permanent disability. McGuire in his testimony described his job with the defendant-employer as one requiring the lifting and loading of containers which weigh as much as 100 pounds. The weight of the medical testimony reveals that McGuire can never engage in employment which requires heavy lifting. To ask the plaintiff to resume his former employment would result in his suffering much pain and discomfort and possible further damage to his back. If such dangers are present, the laws of this state support a holding of total and permanent disability.
We find that the defendant-insurer was not arbitrary and capricious in terminating compensation payments on the basis of Dr. Plauche’s report that Mr. McGuire could return to work after healing of the compression fracture. In Giddings v. Coal Operators Car Company, 205 So.2d 189 (La.App.1967) it was held that the insurer’s refusal to pay compensation after receiving notice of a medical discharge was not without probable cause and would not subject the insurer to penalties and attorney fees. After viewing the record, we are unable to say that the insurer in this case acted arbitrarily and capriciously.
*62 For the reasons herein assigned, the judgment of the trial court is affirmed and the costs of this appeal are assessed to defendant-appellant.
Judgment affirmed.