284 So.2d 659 (1973)
Wallace J. TRAHAN, Plaintiff and Appellant,
v.
ROCKWOOD INSURANCE COMPANY et al., Defendants and Appellees.
No. 4335.
Court of Appeal of Louisiana, Third Circuit.
November 5, 1973.
*660 J. Minos Simon, Lafayette, for plaintiff-appellant.
Holt, Wagner & Lee by Richard E. Lee, Pineville, for defendants-appellees.
Before FRUGÉ, SAVOY and DOMENGEAUX, JJ.
DOMENGEAUX, Judge.
This is a workmen's compensation case. The plaintiff, Wallace J. Trahan, while employed by defendant, Romero Cooper, d/b/a Cooper Electrical Construction Co., on or about December 30, 1970, sustained a lower back injury while loading heavy boxes on a truck. He was employed as a working labor foreman in electrical high line construction. As a result of the injury plaintiff underwent surgery for the removal of a ruptured disc. Weekly benefits were paid by the co-defendant insurer, Rockwood Insurance Company, until May 1, 1972. On that date payments were discontinued on the basis of a letter received from the treating orthopaedic surgeon, Dr. William L. Meuleman. As a result, plaintiff filed suit in September, 1972, praying for past due and future total permanent disability benefits, in addition to statutory penalties and attorney fees. After medical depositions for trial purposes were taken in November, 1972, defendants reinstated weekly benefits to plaintiff as well as compensating him for past discontinued benefits.
Trial was held on November 13, 1972, at which time it was stipulated that the plaintiff was totally and permanently disabled. The only issue before the District Court was whether or not the action of defendants was arbitrary, capricious, and without probable cause in discontinuing benefits. The district judge rendered judgment in favor of plaintiff and against defendants, awarding him benefits for total and permanent disability, and further ordering statutory penalties plus attorney fees in the sum of $250.00.
Plaintiff appealed the judgment to this court seeking an increase in attorney fees. Defendants neither appealed nor answered plaintiff's appeal.
The only issue therefore presented to this court is whether the amount of attorney fees awarded by the district judge is adequate.
As defendants failed to appeal or answer plaintiff's appeal the question of the arbitrariness or capriciousness of defendants' actions in discontinuing benefits is not before us. La.C.C.P. Art. 2133. However, we feel that in order to set the matter in proper perspective we should mention the circumstances under which payments were discontinued.
An uninsured employer under LSA-R.S. 23:1201.2, or if insured, the insurer, under LSA-R.S. 22:658 is liable for attorney fees in the event of arbitrary or capricious failure to pay workmen's compensation benefits which are due.
Here defendants, in discontinuing benefits, relied entirely upon a letter received from the treating orthopaedic surgeon which stated in part:
"The patient is now eight months post surgery and the writer feels that his progress had been good and there does not appear to be any definite reason as to why the patient could not try (emphasis ours) returning to work at this time even if it necessitates the use of a lumbosacral corset."
Defendants contended that they were reasonable in construing this letter to mean that plaintiff was able to return to his former employment and therefore workmen's compensation benefits should be terminated.
The trial court found no justification in this letter for such a broad assumption. In holding that the defendants' actions were arbitrary, capricious, and without probable cause the district judge aptly stated:
"The Court feels that in view of the report to the effect that plaintiff could `try' returning to work with the use of a *661 lumbo-sacral corset is a far cry from a report that he is able to return to his usual duties."
In view of the nondefinitive and imprecise nature of Doctor Meuleman's letter, there was a responsibility to make further inquiry to determine if plaintiff did in fact return to work and could satisfactorily perform his former duties.
With regard to attorney fees, in similar workmen's compensation cases our recent jurisprudence has fixed fees in varying amounts ranging from $500.00 to $4,000.00 Carney v. Liberty Mutual Insurance Co., 277 So.2d 175 (La.App. 3rd Cir. 1973) ($2,500.00); Bushnell v. Southern Farm Bureau Casualty Insurance Co., 271 So.2d 267 (La.App. 3rd Cir. 1972) ($3,000.00); Adams v. St. Paul Fire and Marine Insurance Co., 270 So.2d 307 (La.App. 1st Cir. 1972) ($2,500.00); Pennywell v. Crawford, 262 So.2d 830 (La.App. 2nd Cir. 1972) ($500.00); Thibodeaux v. Associated Distributing Co., 260 So.2d 46 (La.App. 3rd Cir. 1972) ($4,000.00).
It is to be remembered that in workmen's compensation cases, where attorney fees are awarded as a result of arbitrary nonpayment of benefits, such an award is deemed to be a penalty. Plaintiff's suit is regarded as being provoked by defendant's arbitrary failure to pay at least what is undisputedly due. Williams v. Travelers Insurance Co., 157 So.2d 356 (La.App. 3rd Cir. 1963). This is to be distinguished from and is in lieu of the maximum fee provided by the compensation act itself. LSA-R.S. 23:1141, Harmon v. Mid-South General Contractors, Inc., 218 So.2d 390 (La.App. 2nd Cir. 1969). Furthermore, it is settled that there is no necessity for proof to be offered as to the value of the attorney's services. The court itself has the discretion to fix the penalty attorney fees. Cain v. Employers Casualty Co., 236 La. 1085, 110 So.2d 108 (1959); Finn v. Delta Drilling Co., 121 So.2d 340 (La.App. 3rd Cir. 1960). However, as this court has earlier indicated, several factors may be considered including the amount involved and the degree of skill and volume of work necessarily performed by the attorneys in the prosecution of the case. Roberie v. Ashy Construction Co., 215 So. 2d 857 (La.App. 3rd Cir. 1968).
Accordingly, we feel the award of $250.00 for attorney fees in this case to be inadequate. Even though the trial was effected on stipulations, the degree of skill and amount of work involved is evident. In setting the fee we note that it was stipulated between opposing counsel that plaintiff's attorneys participated in the taking of two depositions, encountered numerous office and telephone conferences, and rendered labor attendant to research and preparation for trial. We bear in mind also that plaintiff's preparation and argument of this case on appeal required additional time and labor. We therefore think the record justifies an award of $2,500.00 for attorney fees. Carney v. Liberty Mutual Insurance Co., supra; Bushnell v. Southern Farm Bureau Casualty Insurance Co., supra; Delafosse v. Industrial Painters, Inc., 199 So.2d 559 (La.App. 3rd Cir. 1967).
For the above and foregoing reasons the judgment of the District Court is amended so as to increase the award of attorney fees to the sum of $2,500.00
However, through inadvertence, not only the defendant insurer but also the defendant employer was cast for penalties and attorney fees for the arbitrary nonpayment of compensation. Under the applicable statute, LSA-R.S. 22:658, an insurer is subject to payment of penalties and attorney fees for failure to pay compensation benefits then due. Although by Act 432 of 1958, LSA-R.S. 23:1201.2 employers also become liable for penalties for arbitrary nonpayment, these penalties by the terms of the act are assessable only against "any employer whose liability is not covered by insurance." They are therefore not assessable against the present employer, Cooper Electrical Construction Co., which had secured *662 compensation insurance. Dauzat v. Allstate Insurance Co., 230 So.2d 768, (La.App. 3rd Cir. 1970), vacated (on other grounds) 257 La. 349, 242 So.2d 539 (1970), on remand 245 So.2d 451 (1971), writ refused 258 La. 577, 247 So.2d 394, (1971); Poindexter v. South Coast Corp., 204 So.2d 615 (La.App. 4th Cir. 1967); Ernest v. Martin Timber Co., 124 So.2d 205 (La.App. 2nd Cir. 1960); Bassemier v. W. S. Young Construction Co., 110 So.2d 766 (La.App. 1st Cir. 1959).
For the above and foregoing reasons, the judgment appealed from is amended so as to cast only the defendant insurer, Rockwood Insurance Company for the statutory penalty and the attorney fees in the sum of $2,500.00.
As thus amended the district court's judgment is affirmed. Costs are assessed against defendant, Rockwood Insurance Company.
Affirmed, as amended.