SARTAIN, Judge.
Plaintiff appeals from a judgment dismissing his workmen’s compensation claim for total and permanent disability, statutory penalties, and attorneys’ fees. We affirm.
Plaintiff’s employment, the accident, initial injuries, and subsequent surgery are not disputed. The accident occurred on February 2, 1972, and compensation payments were commenced sho'tly thereafter.
*316 Dr. Herbert K. Plauche, plaintiff’s attending orthopedic specialist, first prescribed conservative treatment, i. e., bed rest, muscle relaxants, analgesics and heat. On April 27, 1972 he was advised to return to work and compensation payments were discontinued as of May 3, 1972. This suit was filed on May 18, 1972.
Plaintiff continued to complain of pain in, swelling and “locking” of his left knee. He was re-examined by Dr. Plauche on July 11, 1972. On this occasion objective findings were consistent with a diagnosis of probable damage to the medial miniscus of the left knee. Surgery was performed on August 16, 1972, at which time the diagnosis was confirmed and the damaged cartilage removed.
On August 24, 1972 compensation payments from May 3, 1972 were brought up to date and continued through July 25, 1973.
Plaintiff contends that he is physically unable to perform the work of a bricklayer-trainee, his occupation at the time of the injury; that on each occasion he has attempted to work he experienced pain to the extent that he was forced to quit; that he is totally disabled within the intent of our Workmen’s Compensation statute and the jurisprudence interpreting the same; and, that the defendants acted arbitrarily and capriciously in discontinuing his benefits, thus entitling him to statutory penalties and attorneys’ fees.
The defendants submit that the plaintiff has failed to prove his disability beyond the day he was last compensated and that their actions were not arbitrary and capricious in terminating compensation payments either on May '3, 1972 or July 25, 1973.
Two orthopedic specialists testified, Dr. Herbert K. Plauche at the instance of the defendants, and Dr. Richard L. Bolton who examined plaintiff at his counsel’s request. Their testimony relative to plaintiff’s permanent disability is almost identical. Dr. Plauche was of the opinion that plaintiff’s residual was ten percent of the lower left extremity and Dr. Bolton ascribed a fifteen percent disability. They are both of the opinion that the disability is non-functional and is based entirely on anatomic changes by virtue of the removal of the cartilage. Each of these specialists found plaintiff’s continued complaints subjective and on their last examinations of plaintiff could discern no objective findings. Both of these specialists are of the opinion that the plaintiff could return to and perform the work he was doing prior to the accident. Plaintiff was advised by each of these doctors to return to them when plaintiff observed swelling of the left knee. Though plaintiff complained that his left knee was swollen on occasion following his. discharge, he did not go to see either doctor.
The trial judge, in his written reasons for judgment, detailed this expert testimony and concluded that plaintiff had failed to carry his burden of proof. We find no error in this conclusion.
During the course of the trial the district judge permitted the introduction of lay testimony relating to plaintiff’s inability to work because Dr. Bolton’s testimony was to be taken at a later date. However, when his deposition was submitted and disclosed no conflict in the medical testimony, the trial judge sustained defendants’ previous objection and ruled such testimony inadmissible. Arceneaux v. Danos and Curole Marine Contractors, Inc., 244 So.2d 884 (1 La.App., 1971). We are in accord with this ruling.
While it is the court’s function to determine disability in cases such as this, medical testimony is of primary importance. Square v. Liberty Mutual Insurance Co., 270 So.2d 335 (1 La.App., 1972, writs refused 273 So.2d 41).
The question of plaintiff’s right to recover for partial permanent disability (L.R.S. 23:1221[4][h], [o] was raised in *317 plaintiffs application in the district court for a new trial. The evidence discloses that plaintiff received compensation totaling $3,773.00 for which defendants must be given credit. This sum is in excess of the amount plaintiff would have been entitled to recover under the statute. The trial judge, therefore, properly rejected plaintiffs claim in this regard. Square v. Liberty Mutual Insurance Co., above.
We now turn to plaintiffs claim for statutory penalties and attorneys’ fees. Inasmuch as we have concluded that plaintiff failed to bear the burden of proving that he was totally and permanently disabled following the termination of compensation payments on July 25, 1973, it is not necessary that we consider the question of penalties and attorneys’ fees for defendants’ failure to pay compensation after that date. However, plaintiff argues that the termination of compensation payments to him on May 3, 1972 was arbitrary and capricious as subsequent events proved that he did, in fact, have damage to his left knee which required surgery. The defendants based their decision to discontinue workmen’s compensation payments to the plaintiff on May 3, 1972 on the medical reports furnished by Dr. Plauche which clearly expressed the opinion that plaintiff was able to return to work. Under these circumstances we can not find that the defendants acted without probable cause and therefore should not be subjected to payment of penalties and attorneys’ fees. While it is true that suit was filed on May 18, 1973, when the attending physician observed symptoms indicative of further damage to plaintiff’s knee, surgery was immediately scheduled and plaintiff’s payments were brought up to date. McGuire v. Everett Lowrance, Inc., 262 So.2d 58 (1 La.App., 1972), writ refused, 262 La. 471, 263 So.2d 728.
Accordingly, for the above reasons the judgment of the district court is affirmed at appellant’s costs.
Affirmed.