McBRIDE, Judge.
Plaintiff, the insured under an accident and health policy issued by defendant, brought this suit claiming certain benefits allegedly due him for disability as the result of an accident he sustained on April 7, 1955, plus penalties as prescribed by LSA-R.S. 22:657. It is undisputed that on April 7, 1955, plaintiff sustained a broken arm in an accident, and according to a stipulation by counsel dictated into the record, plaintiff did not return to his occupational duties until July 1955. While the period of disability, that is, from April 7, 1955, to July 2, 1955, covers a period of 12 weeks, the insurer only paid for 9 weeks, leaving 3 weeks’ benefits in dispute.
The policy provides:
“ * * * Weekly benefits for accident will only be paid for each period of seven consecutive days that the Insured is, by reason of accidental injury, disabled from work of any nature, provided that there is external evidence of such injury for the time paid. * * * ”
In answer to the suit, the only defense set up by the insurer is “there was no external evidence of the said injury.” It is alleged plaintiff was advised upon payment of his ninth claim that no further claim would be honored for said reason.
After a trial on the merits of the case, plaintiff recovered judgment for $49.20; the fee of his attorney was fixed at $15 and taxed as costs. Defendant has appealed.
In this court the appellant argues that the three weeks’ benefits in dispute were not paid because the claimant had not submitted proofs of claim as provided in the policy conditions. That defense cannot now be urged, because defendant’s case must stand or fall on the special defense that there was no external evidence of the injury. The insurer effectively waived any right it may have had to resist the claim on the ground there was a failure on the part of the claimant to furnish notice or proofs of his claim.
In 45 C.J.S. Insurance § 1005, p. 1230, under the heading “Accident Insurance,” appears the following:
“Where the company denies liability on grounds other than a failure to furnish notice or proofs within the proper time, or defects in such notice or proofs, there is a waiver of such failure or defects, * * *. ”
In Giddens v. Western Casualty Co., 6 La.App. 212, the Second Circuit Court of Appeal said that whereas the insurer:
“ * * * did not plead that notice and proof of loss were not timely given, * * * we do not think it can raise such questions on appeal.”
The defendant made no attempt whatever to sustain its defense there was no external evidence of the injury, and plaintiff’s claim for the three weeks’ benefits cannot be denied him.
However, we are at a loss to understand how the trial court arrived at the amount of $49.20, which is the amount *120 allowed plaintiff. He is entitled to benefits of $5 per week or an aggregate of $15, and because of defendant’s failure to timely pay such benefits, it is liable for double said amount as a penalty under the provisions of LSA-R.S. 22:657. The insurer is also liable for the claimant’s attorney’s fee, which was fixed at $15.
The judgment should have been for $45> and it is therefore ordered, adjudged and decreed that it be now amended so as to reduce the amount thereof to said sum, and as thus amended and in each and every other respect the judgment appealed from is affirmed. Defendant is to defray the costs of appeal.
Amended and affirmed.