121 So.2d 340 (1960)
Walter FINN, Plaintiff-Appellee,
v.
DELTA DRILLING COMPANY et al., Defendants-Appellants.
No. 5046.
Court of Appeal of Louisiana, First Circuit.
May 31, 1960.
Rehearing Denied June 29, 1960.
*341 Plauche & Stockwell, Fred H. Sievert, Jr., Lake Charles, for appellants.
Camp, Palmer, Bell, Yelverton & Carwile, Lake Charles, for appellee.
Before TATE, FRUGE and MILLER, JJ.
TATE, Judge.
The defendants, an employer and its insurer, appeal from an award to a former employee of workmen's compensation benefits for total and permanent disability. The codefendant insurer was assessed also with penalties and attorney's fees for the arbitrary non-payment of compensation benefits due, and the plaintiff-employee as appellee answers the appeal and prays that the amount of penalty attorney's fees awarded be increased.
*342 The evidence reflects no question at all as to the claimant's initial work-caused disability. While lifting heavy drilling pipe at work on November 15, 1958, the plaintiff became weak and dizzy, immediately thereafter suffered severe chest pain, and was brought in mid-shift to the hospital. An electrocardiagram taken soon after the claimant's admission to the hospital showed "an acute myocardial infarction" ("death of [part of] the heart muscle due to its being deprived of its blood supply", Tr. 113), which without contradiction the medical testimony felt to have been caused by a loss of blood circulation to the affected area because of the exertion at work. Although the basic pathology which resulted in the heart attack was a pre-existing and previously unknown arteriosclerosis (thickening of the walls) of the coronary artery, the lifting at work precipitated the heart attack by causing the heart to require more of a blood supply than the narrowed artery could supply, as a result of which a part of the heart muscle did not receive enough blood and commenced to die.
Able counsel for the defendantsappellants concedes that an injury is compensable if an incident at work precipitates or accelerates a pre-existing predisposition or disease into becoming a present disability. Cutno v. Neeb Kearney & Co., 237 La. 828, 112 So.2d 628; Talbot v. Trinity Universal Ins. Co., La.App. 1 Cir., 99 So.2d 811. The thrust of his argument upon appeal is that, even conceding an initial disability, the medical evidence shows that the plaintiff has completely recovered from the initial disability without residual, so that he is entitled to no compensation beyond the period of initial disability. Circello v. Haas & Haynie Corp., La.App. 1 Cir., 116 So.2d 144. Counsel also contends that in any event the imposition of penalties and penalty attorney's fees is unwarranted under the circumstances reflected by this record.
The appellants' contention that there is no residual disability is founded upon the medical testimony in this record to the effect that the plaintiff's arteriosclerosis, the underlying pathology which (in combination with the incident at work) caused the heart attack, was not aggravated or affected by the incident at work and to the effect that the cardiogram taken in February of 1959 (about three months after the accident) was normal, showing that the claimant had sustained a very small infarction and not very much heart damage. While even though the myocardiogram reflects normal findings the testifying doctors would not recommend the claimant's employment at hard labor because they know of his previous heart attack, the appellants point out that these doctors also stated that neither would they have recommended such employment prior to the heart attack had they known of the latent and underlying arteriosclerosis which was evidenced by the heart attack.
Thus, appellants argue, the plaintiff's disability is not compensable simply because he now knows it is dangerous for him to perform hard manual labor, whereas before the incident it was equally dangerous for him to perform hard labor because of the then-unknown arteriosclerosis.
This contention, however, overlooks the unanimous testimony of the three medical witnesses that the heart attack at work produced some permanent damage to the heart muscle not present prior to the incident (Tr. 104, 115, 136). As one of the specialists testified without contradiction in the record, although a human being has more heart muscle than is needed to live and although a heart attack may produce a relatively small loss of heart muscle so that the patient may still be able to function effectively, nevertheless some of the patient's reserve muscle has been taken from him so that succeeding heart attacks will be more dangerous (Tr. 145-6, 147, see also Tr. 126). Thus the claimant's present disability is compensable because "as a result of injuries received from the accident, the hazard to the patient's life and health would *343 be substantially greater if he returned to work after the accident, as compared with * * * the performance of his heavier duties before the accident," McKnight v. Clemons, La.App. 1 Cir., 114 So.2d 114, at page 116.
The trial court properly assessed the codefendant insurer with penalties for an arbitrary failure to pay or tender compensation due to the disabled employee. As we recently stated in Darby v. Johnson, La. App., 118 So.2d 707, 711, the weight of the jurisprudence "holds that a failure to pay or to tender an amount for which the employer is undoubtedly liable under the compensation act is arbitrary or unreasonable so as to require the imposition of statutory penalties whenever such failure is without legal basis and there is no serious question upon the merits that the disabled employee is entitled to payment of such compensation benefits [citations omitted]." Despite the astute efforts of counsel, we are unable to perceive any substantial dispute as to the facts or the applicable legal principles such as would justify a refusal to tender compensation to this disabled employee.
Appellant insurer further points out that penalties for arbitrary non-payment may not be awarded under LSA-R.S. 22:658 unless the insurer fails to pay compensation "within sixty days after receipt of satisfactory proofs of loss". We are reminded that suit was filed on April 23, 1959, whereas (it is suggested) adequate proof of loss was not transmitted before March 23, 1959 (less than sixty days prior to suit), when attorney for the plaintiff transmitted certain medical reports to the defendant insurer.
We find this contention to be untenable. Plaintiff's counsel had notified the defendant insurer of the claim by correspondence commencing December 17, 1958, informing the defendant that the plaintiff had suffered a heart attack because of exertion at work on November 15, 1958. In addition to other corroborating medical reports therein, in the defendant's file was a report from a specialist dated February 5, 1959 (more than sixty days before the suit) that the plaintiff had developed a myocardial infarction because "his heart was called upon for more work and the diseased [coronary] vessel was unable to carry sufficient blood to his heart muscle". (Tr. 38.) No legal or factual excuse is shown for the defendant insurer's failure to pay compensation to this disabled employee.
In addition, the defendant's formal and deliberated denial of liability by its answer in the suit indicates that its refusal to pay compensation benefits was not predicated upon the absence of any statutory notice or delay, but instead upon its intention to resist this compensation claim upon the merits by a defense which this and the trial court find to be without legal basis. In such circumstances, further notice or delay by the injured party is regarded as waived by the insurer and as not a pre-requisite to the assessment of penalties against the insurer for arbitrary non-payment of compensation. Daigle v. Great American Indemnity Co., La.App. 1 Cir., 70 So.2d 697; see also Griffin v. Safety Industrial Life Ins. & Sick Ben. Ass'n, La.App.Orleans, 119 So.2d 118; Darby v. Johnson, La.App. 1 Cir., 118 So. 2d 707.
By plaintiff's answer to the appeal he requests that the penalty attorney's fees of $1,000 awarded by the trial court (in addition to the 12% penalty upon the unpaid compensation) be increased to $3,500.
Although there is no proof in the record as to the reasonable value of such service, it seems to be settled that in compensation cases there is no necessity for such proof to be entered and that the court itself can fix the penalty attorney's fees. Cain v. Employers Casualty Co., 236 La. 1085, 110 So.2d 108, 110; see also, Thomas W. Hooley & Sons v. Zurich General Accident & Liability Ins. Co., 235 La. 289, 103 So.2d 449, 454 (footnote 5), 67 A.L.R.2d 1078. LSA-R.S. 22:658, under which such penalties are allowable for arbitrary nonpayment *344 of compensation, provides only that the insurer shall be subjected to a penalty, inter alia, of "all reasonable attorney's fees for the prosecution and collection" of the claim.
Under our state compensation act, attorney's fees collectable from the injured employee are limited to 20% of the first five thousand dollars of any award, and to 10% of any award over five thousand dollars. LSA-R.S. 23:1141. In the present case, where maximum compensation of thirty-five dollars per week for four hundred weeks is allowed (that is, a total award of $14,000), attorney's fees under this section of the compensation act would be fixed at and limited to $1,640. But as our Supreme Court specifically held in Cain v. Employers Casualty Co., above-cited, overruling earlier decisions by this court, the penalty attorney's fee to be awarded against a compensation carrier which arbitrarily refuses to satisfy its compensation liability to an injured claimant is not restricted to the maximum amount of attorney's fees which under the compensation act may be collected from the injured employee.
Our examination of the record shows us, as the appellant contends, that the trial of this matter took only one day and that there was a minimum of pre-trial pleadings and discovery tactics. (Of course, this brevity of trial and record is to a great degree due to the skill of both counsel in narrowing issues in advance of and at the trial.) On the other hand, as the appellee reminds us, the usual contingency fee in a tort suit involving a comparable recovery would be between 25 and 331/3 per cent of the amount recovered. Taking into consideration all the factors abovestated, and in the absence of other proof as to the reasonable valuation of such services, we conclude that reasonable attorney's fees under the circumstances reflected by this record should be assessed at two thousand dollars. See Cain v. Employers Casualty Co., above-cited.
For the foregoing reasons, the judgment appealed from is amended so as to increase the penalty attorney's fees awarded from one thousand to two thousand dollars, and as thus amended the judgment is affirmed in all other respects.
Amended and affirmed.