166 So.2d 82 (1964)
Ambrose STAGG, Plaintiff-Appellant,
v.
NEW AMSTERDAM CASUALTY COMPANY, Defendant-Appellee.
No. 1167.
Court of Appeal of Louisiana, Third Circuit.
June 24, 1964.
Rehearing Denied July 15, 1964.
*83 Preston N. Aucoin, Ville Platte, for plaintiff-appellant.
Voorhies, Labbe, Fontenot, Leonard & McGlasson, by J. Winston Fontenot, Lafayette, for defendant-appellee.
Before TATE, SAVOY, and HOOD, JJ.
TATE, Judge.
This is a workmen's compensation proceeding. The only remaining question at issue is whether the defendant insurer is liable for penalties and attorney's fees for an allegedly arbitrary failure to pay timely compensation in the amount of $50.16. The plaintiff appeals from the dismissal of his claim for such penalties.
The compensation became due to the plaintiff on May 28, 1963. On June 7th, eleven days later, the plaintiff filed suit for this unpaid compensation and for penalties for non-payment thereof. On June 10th, before service was made on the defendant insurer, the latter mailed a draft for the unpaid compensation of $50.16 to the plaintiff, which was received by his counsel on June 11th and was duly negotiated by the plaintiff. Prior to suit, no demand was made for the unpaid compensation.
The plaintiff claims that he is entitled to penalties and attorney's fees for the tardy payment fifteen days late of compensation undoubtedly due, since the defendant insurer admitted in its answer that it owed compensation through May 28th, and since such defendant had no defense or excuse not to pay the compensation timely.
The statute under which the penalties herein are sought, pertinently provides that 12% Damages upon the amount of the loss, together with reasonable attorney's fees, shall be allowed for the arbitrary or capricious failure to pay the claim "within sixty days after * * * demand therefor." LSA-R.S. 22:658.
Under the terms of the penalty statute, an insurer is not liable for penalties for the failure to pay workmen's compensation benefits due, unless such payment is arbitrarily withheld for sixty days after demand. Even when 12% Penalties are allowed, they are limited to compensation payments then due for more than sixty days, and which thereafter become overdue for such period. Redding v. Cade, La.App. 3 Cir., 158 So.2d 880, 884-885, certiorari denied.
The sixty-day delay between the demand and the suit is deemed waived as a prerequisite for penalties, when the defendant denies all liability in its answer to the suit, since then the demand and the delay would be a useless formality. Williams v. Travelers Insurance Co., La.App. 3 Cir., 157" So.2d 356; Finn v. Delta Drilling Co., La. *84 App.1 Cir., 121 So.2d 340, certiorari denied; Daigle v. Great American Indemnity Co., La.App., 1 Cir., 70 So.2d 697, certiorari denied. Such jurisprudence has no application to the present facts, however, because, inter alia, the present defendant did not in its answer deny liability as to the $50.16 compensation due on May 28th; it instead admitted liability in its answer for same, and, in fact, it had already paid same to the plaintiff when it filed its formal answer in these proceedings on June 15th.
For instance, in Doucet v. Travelers Insurance Co., La.App. 3 Cir., 149 So.2d 448, relied upon by the appellant herein, penalties were awarded where the defendant had been delinquent without good cause for only three weeks of compensation duebut there the defendant, after the filing of the plaintiff's suit, prayed for the rejection of the plaintiff's demands for the delinquent payments in question, which (the court found after trial) had been arbitrarily withheld.
In summary, the legislature has provided that an insurer may be liable for statutory penalties if, for sixty days or more after demand, it arbitrarily fails to pay workmen's compensation when due. In the present instance, the insurer was only fifteen days late in paying workmen's compensation benefits due on May 28th. It did not waive or make unnecessary the sixty-day delay by denying the plaintiff's demand for the compensation undoubtedly duein fact, the insurer had already mailed to the plaintiff the sum due when the plaintiff's petition was transmitted to it on June 12th; and by the defendant insurer's formal answer, it admitted its liability for said sum.
Whatever lack of excuse there may have been for the insurer's payment fifteen days late of the compensation due on May 28th, or however unreasonable the fifteen-day delay may or may not have been with regard to whether or not the suit itself was premature, has, under the above circumstances, little bearing upon the insurer's liability for penalties under LSA-R.S. 22:658, a liability which is created by the terms of such statute and which is conditioned not only upon arbitrary non-payment, but upon arbitrary non-payment for more than sixty days.
The insurer tendered the plaintiff the unpaid compensation fifteen days after it became due. The plaintiff is therefore not entitled to penalties for its tardy payment, since the compensation was not withheld for the statutory sixty-day period after demand prerequisite (in the absence of waiver) to the imposition of the statutory penalties here sought.
For the foregoing reasons, we affirm the trial court's dismissal of the plaintiff-appellant's claim for penalties and attorney's fees under LSA-R.S. 22:658; the plaintiffappellant to pay the costs of this appeal.
Affirmed.

On Application for Rehearing.
En Banc. Rehearing denied.