SAVOY, Judge.
This is an action in workmen’s compensation arising out of an accident which occurred on or about September 26, 1963. Plaintiff allegedly injured his back while working on a rice farm in lifting the tongue of a cart to attach it to a tractor.
Plaintiff’s original petition, filed December 2, 1963, alleged that the defendant insurer had been paying plaintiff compensation benefits, but not in the proper amount, and sought payment at the rate of $35.00 per week, plus statutory penalties and attorney’s fees.
A few days later, December 27, 1963, plaintiff filed a supplemental petition, alleging that the defendant had discontinued all compensation payments, and sought benefits as for total and permanent disability, plus penalties and attorney’s fees.
On January 10, 1964, the defendant answered both the original and supplemental petitions, alleging that plaintiff was fully recovered and denying all liability for further compensation. With respect to the penalties and attorney’s fees sought by plaintiff, defendant alleged that it had paid plaintiff $29.25 weekly until discontinued, based on information received from its insured, and that it had no other information regarding plaintiff’s earnings.
In the lower court, after trial on the merits, judgment was awarded to plaintiff as for total, permanent disability, plus statutory penalties of twelve per cent on compensation past due and owing at the time benefits were recommenced, and attorney’s fees of $1,500.00, from which judgment the defendant has appealed.
While, in its brief, defendant argues that plaintiff has not shown with sufficiency a causal connection between his condition and the accident of September, 1963, the record reveals no real factual issue in that regard. Therefore, we will not dwell at length on the question. Suffice it to say *283 that Dr. Guy J. Dunning, an orthopedic surgeon, the one examining physician who treated plaintiff over an extended period of time and who operated on him in January, 1964, for removal of a herniated disc, was of the opinion that there was causal connection.
Likewise, there is no issue regarding extent of disability. At the time of trial in May, 1964, Dr. Dunning felt that plaintiff was unable to return to manual labor, and that his disability would continue indefinitely. As far as the record reveals, Dr. Dunning was the only physician who examined plaintiff subsequent to December, 1963, and there is no contradictory medical evidence pertinent in point of time.
Thus, the only real issue for determination on this appeal is that of the lower court’s award of penalties and attorney’s fees. The following facts, as revealed by the record, are pertinent to that question.
First, plaintiff made written demand for benefits of $35.00 per week on October 23, 1963, and pointed out to defendant that plaintiff made $.70 per hour, but worked twelve hours per day, seven days per week, thus entitling him to the maximum weekly benefit. This demand followed defendant’s tender of then accumulated benefits computed at the rate of $29.25 per week, based on the employer’s report to defendant stating that plaintiff’s average weekly wage was $45.00. In response to plaintiff’s demand, defendant’s representative replied by letter to the effect that, in any event, the amount of plaintiff’s benefits should be computed on a six day week, eight hour day. This was, of course, a mistake of law on defendant’s part. Malone, Louisiana Workmen’s Compensation Law and Practice, Chapter 15, Section 324.
At any rate, when the demand had not been complied with by December of 1963, plaintiff filed his original petition.
The defendant had plaintiff examined by Dr. Fred C. Webre, an orthopedic surgeon. This, also, was in December, and upon Dr. Webre’s finding that plaintiff was not then disabled, the defendant discontinued further compensation payments, which led to the filing of plaintiff’s supplemental petition.
During that period of time, plaintiff was also being treated by Dr. Dunning, and, on January 8, 1964, Dr. Dunning operated on plaintiff for removal of an intervertebral disc which, in the interim, had herniated. Defendant, at that time, had not yet received a report from Dr. Dunning, and only received word of the operation from him on the day that it was to be performed. Defendant’s adjuster tried, without success, to contact the doctor on that day.
On April 9, 1964, three months after the operation, defendant brought plaintiff’s compensation up to date at the rate of $35.00 per week, and thereafter, continued to pay at that rate. In January, 1964, defendant received a pathological report of the operation; and in February, 1964, it received Dr. Dunning’s report concerning the operation, the exact dates of receipt not being specified in the record. On the trial of this suit, defendant’s adjuster testified that plaintiff’s compensation had not been reinstated prior to April because of Dr. Webre’s report of December, 1963, and because it had received information concerning a similar previous claim in compensation by plaintiff.
 For the determination of the issue, however, it is not necessary to further discuss the events between January and April. Arbitrary failure to pay the correct amount of compensation due is, in itself, a proper basis for the assessment of penalties and attorney’s fees. Fontenot v. Travelers Insurance Company (La.App., 3 Cir., 1960), 125 So.2d 664; and, Williams v. Travelers Insurance Company (La.App., 3 Cir., 1963), 157 So.2d 356. Furthermore, the statutory penalties are to be allowed upon the basis of the entire amount of unpaid compensation (here, to the time of reinstatement in April, 1964), and not just upon the arbitrarily withheld portion of it. *284 Williams v. Travelers Insurance Company, supra.
In the instant case, as previously pointed out, defendant refused plaintiff’s demand for maximum benefits in the mistaken belief that the six day week rule was applicable, and it does not appear that any real effort was made prior to the time of plaintiff’s suit to determine otherwise, or to obtain additional information through its assured, plaintiff’s employer. On the trial, the employer was vague and indefinite concerning the number of days and hours plaintiff had worked, and stated that he could not say without having his books available. Although such books did apparently exist, they were not made available at the trial. Plaintiff’s testimony and that of his wife, to the effect that he worked a seven day week, twelve hours per day, is uncontradicted. We are thus inclined to agree with our learned brother below that there was no reasonable excuse for failure to have paid the correct amount due through the time plaintiff’s suit was filed, and that defendant did, therefore, act arbitrarily.
While plaintiff’s suit was filed less than sixty days after his first demand, the sixty day delay between demand and suit is deemed waived as a prerequisite for penalties when the defendant denies all liability in its answer to the suit, such as is the case in the instant suit. Stagg v. New Amsterdam Casualty Company (La.App., 3 Cir., 1964), 166 So.2d 82.
With regard to attorney’s fees, the lower court awarded $1,500.00. We see no manifest error, and will not disturb it. Williams v. Travelers Insurance Company, supra.
We have examined the cases relied on principally by defendant in its brief, but they are inapplicable to the instant case since they treat only of discontinuance of benefits over conflicting medical repoi'ts and do not concern payment at an incorrect rate.
For the reasons assigned, the judgment of the lower court is affirmed; all costs of this appeal to be assessed against defendant-appellant.
Affirmed.