225 So.2d 256 (1969)
Mrs. Ruby GATTE, Plaintiff and Appellee,
v.
COAL OPERATORS CASUALTY COMPANY, Defendant and Appellant.
No. 2738.
Court of Appeal of Louisiana, Third Circuit.
June 27, 1969.
Rehearing Denied August 7, 1969.
Garrett, Ryland & Downs, by B. Dexter Ryland, Alexandria, for defendant-appellant.
John W. Hebert, Jennings, for plaintiff-appellee.
Before FRUGE, SAVOY and CULPEPPER, JJ.
CULPEPPER, Judge.
Plaintiff seeks workmen's compensation benefits for total and permanent disability caused by a heart attack suffered while in the employment of Anthony Pousson. Defendant is the employer's insurer. The district judge awarded weekly benefits and also assessed penalties and an attorney's fee of $2,000. Defendant appealed. Plaintiff answered the appeal, seeking an increase in the attorney's fees.
The sole issue on appeal concerns the award for penalties and attorney's fees.
The general facts show that plaintiff, 48 years of age, was working as a short-order *257 cook at the Rocket Drive-in in Jennings, Louisiana. On the day in question, October 5, 1967, she arrived at the drive-in at about 7:45 a. m. She first drained and cleaned the two deep fat fryers and refilled them with approximately four gallons of lard. Then she prepared the onions, pickles and other vegetables to be used in sandwiches, started the hot dog and bun machine and generally prepared for the day's business. The heat from the grill and several other pieces of equipment caused the place to be warm. At about 11:00 a. m. several orders came in for hamburgers, hot dogs and french fries. Mrs. Gatte was at the grill cooking the ingredients for these orders when she suddenly suffered a severe pain in her chest.
She was immediately taken to the American Legion Hospital in Jennings where she was seen by Dr. Louis Shirley, Jr. and his partner, Dr. Harlie Bearden, both general practitioners. Her condition was diagnosed as a coronary occlusion affecting a large area of the heart. She was confined to the hospital for 43 days, during which time she was kept under intensive care with a cardiac monitor, pace maker and emergency defibrillator.
Both Drs. Bearden and Shirley testified at the trial that plaintiff had preexisting coronary arteriosclerosis which, together with the work-connected activity, probably caused the coronary occlusion. These physicians said that as a result of the occlusion she has suffered myocardial infarction of a large area of the heart, which causes her to be permanently and totally disabled from returning to work similar to that which she was performing at the time of the accident. Under this testimony the trial judge correctly held there is a causal connection between plaintiff's present disability and the work-connected heart attack of October 5, 1967.
The claim for penalties and attorney's fees is made under LSA-R.S. 22:658 which reads in pertinent part as follows:
"All insurers issuing any type of contract * * * shall pay the amount of any claim due any insured including any employee under Chapter 10 of Title 23 of the Revised Statutes of 1950 within sixty days after receipt of satisfactory proofs of loss from the insured, employee or any party in interest. Failure to make such payment within sixty days after receipt of such proofs and demand therefor, when such failure is found to be arbitrary, capricious or without probable cause, shall subject the insurer to a penalty * * * with all reasonable attorney's fees for the prosecution and collection of such loss * * *." (Emphasis supplied)
The question is whether "satisfactory proofs of loss" were received by the defendant insurer or the employer.[1] Ultimately we decide the record before us does not show defendant received satisfactory proofs of loss and hence is not shown to be arbitrary, capricious or without probable cause in failing to pay compensation benefits before suit was filed.
The pertinent facts show that on January 29, 1968, plaintiff's counsel wrote a letter to the employer, Mr. Anthony Pousson, stating that Mrs. Gatte had suffered "an acute myocardial infarct" as a result of a heart attack which she experienced on October 5, 1967 while working in the kitchen at Rocket Drive-in. The letter states "the information we have shows the heart attack was caused, precipitated or accelerated by the work Mrs. Gatte was doing at the time she suffered this attack." Then follows a demand for workmen's compensation benefits.
Mrs. Anthony Pousson, who together with her husband owns and operates the *258 drive-in, testified at the trial that they received this letter from plaintiff's attorney and advised the defendant insurer of its contents.
The record does not show what, if any, action was taken by the defendant insurer following plaintiff's letter of demand of January 29, 1968. However, it is fair to assume defendant requested plaintiff to furnish medical reports to substantiate her claim. For, the record does contain a copy of a second letter dated March 7, 1968 written by plaintiff's counsel addressed to the defendant, Coal Operators Casualty Company, which states in pertinent part: "Pursuant to your request, I hand you herewith the following: (1) Medical report from (Dr.) Harlie Bearden dated February 26, 1968." This letter then proceeds to demand the payment of workmen's compensation benefits by March 15, 1968. No benefits were paid. Suit was filed on March 18, 1968.
In its answer, defendant admitted plaintiff had the heart attack while at work but denied any causal connection between the work being performed and the "myocardial infarction." Defendant alleged further in its answer that it had "no medical information whatsoever indicating that this disability or this alleged accident was caused in any way by the plaintiff's duties in connection with her employment. That the mere occurrence of a heart attack while on the job does not of itself indicate or prove a work-incurred accident compensable under the Louisiana Workmen's Compensation Act and defendant has no probable cause or reason under the evidence submitted to pay workmen's compensation benefits or medical until such time as a causal relationship has been established.
At the trial the medical report of Dr. Harlie Bearden, dated February 26, 1968, which plaintiff's letter of March 7, 1968 states was forwarded therewith to defendant, was not filed in evidence. Plaintiff contends defendant should have introduced the report in evidence and, since it did not, a presumption arises that the report states plaintiff's heart attack and ensuing disability are causally related to the employment. On the other hand, defendant contends plaintiff had the burden of introducing Dr. Bearden's report in evidence to show, if she could, that defendant's failure to pay compensation was arbitrary, capricious or without probable cause.
Applicable here is the general principle of law that LSA-R.S. 22:658 is a penal statute which must be strictly construed. Wright v. National Surety Corporation, 221 La. 486, 59 So.2d 695; Nichols v. Iowa Mutual Insurance Company, 232 La. 856, 95 So.2d 338; Steadman v. Pearl Assurance Company, 242 La. 84, 134 So.2d 884 (1961).
One who claims penalties and attorney's fees under LSA-R.S. 22:658 has the burden of proving submission to the defendant of "satisfactory proofs of loss" as a necessary predicate to a showing that the defendant was arbitrary, capricious or without probable cause in failing to pay benefits. Steadman v. Pearl Assurance Company, supra; Moore v. St. Paul Fire Marine Insurance Company, La.App., 193 So.2d 882 (3rd Cir. 1967); Soulier v. Raymond, La.App., 177 So.2d 651 (4th Cir. 1965); Wilkins v. Allstate Insurance Company, La.App., 173 So.2d 199 (1st Cir. 1965); Sbisa v. American Equitable Assurance Company, 202 La. 196, 11 So.2d 527, 145 A.L.R. 332 (1942); Daigle v. Great American Insurance Company, 70 So.2d 697 (1st Cir. 1954). However, it is not necessary that the proof of loss be in writing, or in any other formal style, so long as the defendant has actual knowledge of the facts, Moore v. St. Paul Fire Marine Insurance Company, supra, and cases cited therein. For a general discussion of the problem see Malone, Louisiana Workmen's Compensation, 1964 p. P., Sec. 389, pg. 222.
Under these authorities it is clear that plaintiff had the burden of proving the submission of satisfactory proofs of loss to the defendant. The record does not *259 contain a copy of Dr. Bearden's report, nor any other evidence, to show that prior to the time suit was filed defendant had knowledge of the fact that plaintiff's heart attack and ensuing disability were causally related to the employment. Hence, the record does not show defendant's failure to pay compensation benefits was arbitrary, capricious or without probable cause.
For the reasons assigned, the judgment appealed is amended by deleting the awards for penalties and attorney's fees. Otherwise than as herein amended, the judgment is affirmed. All costs of this appeal are assessed against the plaintiff.
Affirmed, as amended.
En Banc.

On Application for Rehearing.
TATE, Judge (dissenting from denial).
I respectfully dissent from the denial of rehearing. The claimant suffered a heart attack at work on October 5, 1967 and was hospitalized for 43 days. The plaintiff's counsel made written demand for compensation January 29th and on March 7th forwarded medical reports. Suit was filed on March 18th, with the defendant denying liability.
The trial court awarded penalties, properly in my opinion. The insurer failed to pay benefits indisputably due within sixty days after demand was made. LSA-R.S. 22:658. No serious defense to the merits of the claim was shown by the evidence at the trial.
In reversing, a majority of this court holds that the record does not contain adequate evidence that satisfactory proof of loss was made prior to suit, since the record does not contain the doctor's report transmitted with the attorney's demand letter.
This very technical holding is in conflict with the settled interpretation by this and other intermediate courts that informalities or deficiencies in the proof of loss are waived, when the insurer in its answer denies liability on the merits, if the evidence at the trial proves there was no factual or legal basis for a failure to pay disability benefits indisputably due. Finn v. Delta Drilling Co., La.App. 1st Cir., 121 So.2d 340, certiorari denied; Griffin v. Safety Industrial Life Ins. & Sick Ben. Ass'n., La. App.Orl., 119 So.2d 118. See also Stagg v. New Amsterdam Casualty Co., La.App. 3d Cir., 166 So.2d 82; Daigle v. Great American Indemnity Co., La.App. 1st Cir., 70 So.2d 697, certiorari denied. If an insurer fails to pay because of insufficient proof of loss, it must raise and rely upon such defense in order to escape penalties, where the evidence shows there is no serious dispute as to liability.
For these reasons, the writer respectfully dissents from the denial of the plaintiff-appellee's application for rehearing.
MILLER, J., recused.
NOTES
[1] LSA-RS 23:1162 provides that notice to the employer shall be regarded as notice to the insurer. See also Malone, Louisiana Workmen's Compensation Law & Practice, 1966 p.p., Sec. 389, pg. 222.