236 So.2d 485

Mrs. Ruby GATTE

v.

COAL OPERATORS CASUALTY
COMPANY.

No. 50091.

June 8, 1970.

Rehearing Denied June 29, 1970.

Garrett, Ryland & Downs, B. Dexter Ryland, Alexandria, for defendant-appellant.

John W. Hebert, Jennings, for plaintiff-appellee.

SANDERS, Justice.

This workmen's compensation proceeding presents for decision a single issue: wheth-

er statutory penalties and attorney's fees should be assessed against the defendant insurance company.

After trial, the district court rendered judgment in favor of plaintiff for workmen's compensation based on permanent and total disability, medical expenses in the sum of $2,500.00, a 12% statutory penalty on the accrued compensation and medical expenses, and attorney's fees in the sum of $2,000.00. The insurance company appealed only from that portion of the judgment assessing penalties and attorney's fees. The Court of Appeal, with Judge Tate dissenting on application for rehearing, reversed the district court's award of penalties and attorney's fees. See 225 So. 2d 256. We granted certiorari to review the judgment of the Court of Appeal. 254 La. 865, 227 So.2d 598.

Mrs. Ruby Gatte, a 48-year-old married woman, was stricken with a heart attack on October 5, 1967, while working as a short-order cook at the Rocket Drive-in in Jennings, Louisiana. Mrs. Gatte's work included heavy manual labor, and on the date of the injury, she began work at 7:45 a. m. The heat from the grill and several other pieces of heating equipment heated the working area. About 11:00 a. m. a large lunch order came in from the American Legion Hospital, and while Mrs. Gatte was at the grill cooking these orders, she experienced a severe pain in her chest.

Mrs. Gatte was immediately taken to the American Legion Hospital in Jennings, where her condition was diagnosed as a coronary occlusion affecting a large area of the heart. Dr. Harlie Bearden and Dr. Louis E. Shirley, Jr. were her physicians. She was confined to the hospital for 43 days, under intensive care with a cardiac monitor, pace maker, and emergency defibrillator.

After her attorney made a futile demand for the payment of workmen's compensation, she filed suit on March 18, 1968, against Coal Operators Casualty Company, the insurer of her employer. Trial was had on September 27, 1968.

The assessment of penalties and attorney's fees against insurers is governed by LSA–R.S. 22:658, providing:

"All insurers issuing any type of con-other than those specified in R.S. 22:656 and 22:657 shall pay the amount of any claim due any insured including any employee under Chapter 10 of Title 23 of the Revised Statutes of 1950 within sixty days after receipt of satisfactory proofs of loss from the insured, employee or any party in interest. Failure to make such payment within sixty days after receipt of such proofs and demand therefor, when such failure is found to be arbitrary, capricious, or without probable cause, shall subject the insurer to a penalty, in addition to the amount of the loss, of 12% damages on the total amount of the loss, payable to the insured, or to any of said employees, together with all reasonable attorney's fees for the prosecution and collection of such loss, or in the event a partial payment or tender has been made, 12% of the difference between the amount paid or tendered and the amount found to be due and all reasonable attorney's fees for the prosecution and collection of such amount."

As correctly found by the Court of Appeal, the record reflects that on January 29, 1968, plaintiff's counsel wrote a letter to the employer, Mr. Anthony Pousson, stating that Mrs. Gatte had suffered "an acute myocardial infarct" as a result of a heart attack which she experienced on October 5, 1967 while working in the kitchen at Rocket Drive-in. The letter states "the information we have shows the heart attack was caused, precipated or accelerated by the work Mrs. Gatte was doing at the time she suffered this attack." Then follows a demand for workmen's compensation benefits.

Mrs. Anthony Pousson, who together with her husband owns and operates the drive-in, testified at the trial that they received this letter from plaintiff's attorney and advised the defendant insurer of its contents.

The record does not show what, if any, action was taken by the defendant insurer following plaintiff's letter of demand of January 29, 1968. However, it is fair to assume defendant requested plaintiff to furnish medical reports to substantiate her claim. For, the record does contain a copy of a second letter dated March 7, 1968 written by plaintiff's counsel addressed to the defendant, Coal Operators Casualty Company, which states in pertinent part: "Pursuant to your request, I hand you herewith the following: (1) Medical report from (Dr.) Harlie Bearden dated February 26, 1968." This letter then demands the payment of workmen's compensation benefits by March 15, 1968. No benefits were paid.

■ The Court of Appeal held that plaintiff could not recover penalties, because she had failed to submit "satisfactory proofs of loss." In so holding, we think the court erred. The letter of January 29, 1968, sets forth her name, date, place and nature of injury, and ends with a demand for payment of the benefits due. On March 7, 1968, pursuant to a request by the defendant, Mrs. Gatte furnished a written medical report and the bills for medical expenses to the defendant along with another demand for payment.

■ Although the second demand letter appears in the record, the medical report of Dr. Bearden that accompanied it is not attached. Dr. Bearden, however, testified at the trial and his testimony established the causal connection between the plaintiff's heart attack and her employment. Dr. Bearden was cross-examined by the defendant, to whom the medical report had been furnished. Since the physician's testimony was not impeached by prior inconsistent statements, it can be inferred that the report was consistent with his testimony at the trial.

To justify its failure to pay compensation, the defendant relies heavily upon Dr. Bearden's answer to the following question:

"Q. Doctor, did you, since your first examination of Mrs. Gatte on October 5, 1967, ever give a report to anyone, in writing or otherwise, that in your opinion, the heart attack that she had was attributable to her work?

"A. No, because this is a misnomer that I could not say absolutely, I could not say that the heart attack was attributable to her work. I think that I would say that there is a probability that it contributed to the fact of the onset of a heart attack at this time. But that would be an incorrect statement for me to be quoted that her work caused

her heart attack. She had to have, I feel, some predisposing factors to it. The probability exists that one of the predisposing factors was the exertion that she did while working hard, but the other factors had to be present in order for a coronary or a myocardial infarction to have occurred."

■ In this testimony, Dr. Bearden is obviously referring to the medical, as distinguished from the legal, definition of causation. Although medically he could not say that the heart attack was "attributable" to her work, he did assert that the work was probably a contributing factor. In a legal sense, such testimony establishes causation. See Town of Slidell v. Temple, 246 La. 137, 164 So.2d 276 (1964); Perkins v. Texas and New Orleans Railroad Company, 243 La. 829, 147 So.2d 646 (1962); Johnson v. Cloud, La.App., 125 So.2d 478; Brian v. Employers Casualty Co., La.App., 111 So.2d 161, cert. denied; Malone, Louisiana Workmen's Compensation Law and Practice § 252, pp. 293–94 (1951); 3 Am.Jur. Proof of Facts 161–63 (1959).

■ Assuming, however, that the proof of loss submitted by plaintiff was technically deficient under the statute, we conclude the defendant waived the deficiency. Instead of requesting an amplification of the

proof of loss, it failed to respond further before the date fixed in the demand and denied liability on the merits. Under such circumstances, the defendant waives deficiencies in the proof of loss. See Sbisa v. American Equitable Assur. Co., 202 La. 196, 11 So.2d 527; Finn v. Delta Drilling Company, La.App., 121 So.2d 340; Griffin v. Safety Industrial Life Ins. & Sick Ben. Assn., La.App., 119 So.2d 118; Stagg v. New Amsterdam Casualty Company, La. App., 166 So.2d 82; Daigle v. Great American Indemnity Co., La.App., 70 So.2d 697, cert. denied.

■ Defendant further contends that no recovery for penalties and attorney's fees can be had since plaintiff made no allegation in his petition that failure to pay was arbitrary and capricious. The petition, of course, contained a prayer for the penalty-attorney fee award. Since no evidence was objected to and no question raised as to the absence of the allegation, the evidence enlarged the pleadings. LSA–C.C.P. 1154. See Pond v. Campbell, 251 La. 921, 207 So.2d 535, and cases cited therein.

Although demand was made upon it more than 60 days before suit, the defendant paid no compensation. In its answer, it denied liability but offered no medical or other evidence at the trial. It appealed only on the issue of penalties and attorney's fees. We conclude the defendant was arbitrary

and capricious in failing to pay compensation. Hence, the plaintiff is entitled to penalties and attorney's fees.

For the reasons assigned, the judgment of the Court of Appeal is reversed, and the judgment of the district court, awarding a penalty of 12% on all compensation and medical expenses due and delinquent for a period of 60 days and an attorney's fee of $2,000.00, with legal interest on both the penalty and the attorney's fee from date of judgment until paid, is reinstated and made the judgment of this Court. All costs are assessed against the defendant.

HAMITER, J., does not participate.

BARHAM, J., dissents with written reason.

BARHAM, Justice (dissenting).

I respectfully dissent. It was plaintiff's burden to establish that penalties and attorney's fees were due. As I understand the reasoning of the majority, they have shifted the burden of proof so as to require the defendant to establish affirmatively that its failure to pay workmen's compensation was not arbitrary and capricious. I do not believe this to be the law. I adopt the findings of fact and the conclusions of law of the Court of Appeal.