441 So.2d 21 (1983)
Barbara SAVOY, Plaintiff-Appellee,
v.
Charlene CHAPMAN, et al., Defendant-Appellant.
No. 83-221.
Court of Appeal of Louisiana, Third Circuit.
November 9, 1983.
*22 Roy & Hattan, M. Candice Hattan, Lafayette, for defendant-appellant.
Felix A. DeJean, III, Opelousas, for plaintiff-appellee.
Harold Andrew, Baton Rouge, Christine O'Brien, Lafayette, for defendant-appellee.
Before DOUCET, LABORDE and KNOLL, JJ.
KNOLL, Judge.
On May 26,1980 Barbara Savoy was pedaling her bicycle on Perry Lane in Opelousas when a van operated by Charlene Chapman and occupied by her mother, Lois Lemelle, ran her off the road. When the plaintiff attempted to flee, the van made a u-turn and headed back toward her, striking her shoulder with the van mirror located on the passenger side. Plaintiff's injuries were minor requiring minimal medical treatment. She lost three weeks of work.
Plaintiff instituted suit against Charlene Chapman, the driver, Hanover Insurance Company, the liability insurer of the van, and Lois Lemelle, a passenger who plaintiff contended was a joint venturer with Charlene Chapman. None of these defendants are involved in this appeal.
Hanover Insurance Company denied coverage raising an intentional tort exclusion under its policy. On January 16, 1981 plaintiff amended her suit to make Allstate Insurance Company a party defendant alleging that the other defendants were uninsured. Plaintiff brought this action to recover from Allstate, her uninsured motorist insurer, damages for the personal injuries which she sustained as well as attorney fees under LSA-R.S. 22:658. Allstate filed a general denial answer and a third party demand against the other defendants. The issues presented for our determination are whether the other defendants are uninsured motorists and whether LSA-R.S. 22:658 which provides for the imposition of penalties and attorney fees is applicable to an uninsured motorist claim.

UNINSURED MOTORIST
We find that the Supreme Court's enunciation in Hart v. Allstate, 437 So.2d 823 (La.1983) is controlling to the case sub judice. It sets forth the standard to be applied in establishing a satisfactory proof of loss of an uninsured motorist claim as follows: (1) the insured must establish that the insurer receives sufficient facts which fully apprise the insurer that the owner or operator of the other vehicle was uninsured or underinsured; (2) that the other vehicle was at fault; (3) that such fault gave rise to damages; and (4) establish the extent of those damages.
Allstate contends that the intentional tort issue had to be litigated. If an intentional tort was not found, then the defendants would not have been uninsured and Allstate would not be liable to plaintiff. We disagree.
The factor which activates the application of the uninsured motorist's provisions of the *23 Allstate policy is not whether an intentional tort caused the accident but rather, has Hanover denied coverage to its insured. Henry Lemelle, the owner of the van, had a policy of automobile liability insurance with Hanover Insurance Company. Hanover's policy explicitly excluded intentional torts. Allstate's policy did not; it defines "an uninsured automobile" as:
"a motor vehicle with respect to the ownership maintenance or use of which there is, ... a bodily injury liability bond or insurance policy applicable at the time of the accident but the company writing the same either has denied coverage thereunder or is or becomes insolvent; ..."

The Allstate policy provides that it will pay all sums which its insured or her legal representative is entitled to recover from the owner or operator of an uninsured automobile.
A third party demand was filed by Charlene Chapman against Hanover. Hanover answered the third party demand and explicitly denied coverage to Charlene Chapman. Throughout the litigation Charlene Chapman had her own legal counsel. The focal point of the pre-trial order and the related motions were to determine whether defendant, Charlene Chapman, had committed an intentional tort. We find that Allstate should have been sufficiently apprised of the uninsured status of the other defendants when Hanover denied them coverage.
The uninsured motorist carrier must be apprised of sufficient facts regarding the question of fault and that such fault gave rise to damages. This requirement assures that the insurance carrier can fully evaluate its liability exposure. The record clearly establishes that Allstate had available to it the pleadings and the numerous depositions of all parties and witnesses. We find that these documents should have sufficiently established the fault of defendant in this accident and that such fault gave rise to plaintiff's damages.
We also find that through the use of written interrogatories to the plaintiff, and plaintiff's demand letter of March 24, 1981 for payment of medical bills (which Allstate paid April 7, 1981), Allstate was adequately apprised of plaintiff's damages.

PENALTIES AND ATTORNEY FEES
Although it is not necessary that a proof of loss be in writing or in any other formal style, one who claims penalties and attorney's fees under LSA-R.S. 22:658 has the burden of proving that the insurer received satisfactory proof of loss as a necessary predicate to a showing that the defendant was arbitrary, capricious or without probable cause in failing to pay benefits. Riverland Oil Mill v. Underwriters for Lloyds, 368 So.2d 156 (La.App. 2nd Cir. 1979), writ refused, 369 So.2d 1365 (La. 1979); Gatte v. Coal Operators Casualty Co., 225 So.2d 256 (La.App. 3rd Cir.1969), reversed on other grounds, 256 La. 325, 236 So.2d 485 (1970).
The purpose of LSA-R.S. 22:658 is to insure that an insurance carrier which is fully apprised of the facts and circumstances which establish the plaintiff's right to recovery does not arbitrarily or capriciously deny any amount of a claim that is due. Allstate denied liability. Allstate claims it never received a proof of loss. Allstate instructed its attorney not to enter into any type of negotiations. We find that plaintiff has met the requirements of LSA-R.S. 22:658 and that Allstate was arbitrary and capricious in denying plaintiff's claim.
The plaintiff has answered the appeal asking for an increase in the award of attorney's fees. The trial court awarded the sum of $5,000. In making this award the trial court found there was extensive pre-trial work in addition to a two day jury trial. We do not find any abuse of the trial court's discretion and find the award of attorney's fees to be adequate.
For the foregoing reasons the judgment of the trial court is affirmed. Costs of this appeal are assessed to defendant-appellant, Allstate Insurance Company.
AFFIRMED.