607 So.2d 1062 (1992)
KEN BRADY FORD, INC., Plaintiff-Appellee,
v.
Kimberly G. ROSHTO, Defendant-Third Party Plaintiff-Appellee,
Fidelity Fire and Casualty Insurance Company, Third Party Defendant-Appellant.
No. 91-850.
Court of Appeal of Louisiana, Third Circuit.
November 4, 1992.
*1063 Braton & Maxwell, Stan Branton, Baton Rouge, for third party defendant-appellant Fidelity Fire and Cas. Ins. Co.
David D. Lind, Alexandria, for plaintiff-appellee.
Field V. Gremillion, III, Alexandria.
Before GUIDRY, J., and CULPEPPER and SALOOM, JJ., Pro Tem.
GUIDRY, Judge.
Plaintiff, Ken Brady Ford, Inc., instituted this suit on May 23, 1990, against defendant and third party plaintiff, Kimberly G. Roshto, seeking recovery of $4,161.45 allegedly due on open account under a car rental agreement. Plaintiff also sought reasonable attorney's fees pursuant to that agreement. Roshto was involved in an accident which caused extensive property damage to her 1989 Pontiac Grand Am which necessitated the car rental from plaintiff.
Roshto answered plaintiff's petition and named her collision insurer, Fidelity Fire and Casualty Insurance Company (Fidelity) as third party defendant. She alleged that Fidelity was liable for the rental owed plaintiff because of its arbitrary and capricious delay in paying for the repairs to her vehicle. Additionally, Roshto sought penalties and attorney's fees from Fidelity pursuant to La.R.S. 22:658(B)(1). Fidelity, in response to the third party demand, denied any liability for the rental payments beyond the rental reimbursement limit of $300 provided for in the policy and also denied any liability for penalties and attorney fees.
On the date of trial, April 24, 1991, plaintiff settled its claim against Roshto for the amount prayed for, $4,161.45, plus reasonable attorney fees, which were later set by the trial judge at $1,000. Following trial of the third party demand, the trial court concluded that Fidelity was arbitrary and capricious and awarded Roshto penalties and attorney fees under La.R.S. 22:658 for not *1064 timely processing Roshto's claim. The judgment awarded Roshto the following amounts:

1) Balance due on property
 damage $ 456.38
2) Penalties 259.63
3) Damages 1383.40
4) Reasonable attorney's
 fees 1000.00
5) Rental reimbursement 4161.45
6) Reasonable attorney's
 fees
 (to secure rental reimbursement)
 1000.00
 ________
 TOTAL AWARD $8260.86

Fidelity appealed assigning eight errors which collectively present the following issues:
1. Did the trial court err in finding Fidelity arbitrary and capricious despite a finding that a dispute existed as to the exact monetary amount necessary to repair the Roshto vehicle.
2. Did the trial court err in casting Fidelity with both "penalties" and "damages" under La.R.S. 22:658.
3. Did the trial court err when it found Fidelity liable for sums due under the rental agreement executed between Ken Brady Ford, Inc. and Roshto.

FACTS
Roshto was involved in a two vehicle accident on May 6, 1989. Her car suffered major structural and mechanical damage. She reported the accident to her insurer, Fidelity, on May 8, 1989. The next day, she rented a car from plaintiff, Ken Brady Ford, Inc. On May 10, 1989, Fidelity was notified that State Farm, the insurer of the other driver involved in the accident, would handle Roshto's property damage claim. Thereafter, State Farm asserted the comparative negligence of Roshto and, in response, Roshto's attorney conceded in written correspondence that his client was no more than 10% negligent in causing the accident.
On June 15, 1989, Roshto notified Fidelity, through its adjuster, Sonita Williams, that she intended to pursue her property damage claim through Fidelity instead of State Farm. Williams sent an appraiser to inspect the Roshto vehicle on June 16, 1989, one day later. The appraiser estimated the repair cost at $4,210.56. On June 26, 1989, Williams informed Roshto's attorney of the estimate and tendered unconditionally a draft for $3,960.56 (estimated repair cost less the $250 deductible). By letter dated June 20, 1989, but received on June 30, 1989, Fidelity was informed that Roshto had rented a vehicle and reaffirmed her intent to pursue her claim through Fidelity.
On July 6, 1989, two months post accident, Roshto had the damaged vehicle independently appraised by Richard Kyle's Body Shop in Alexandria. Kyle estimated the cost to repair at $6,597.60. This estimate was sent to Fidelity and was received on July 21, 1989. This was the first indication to Fidelity that a dispute existed over the repair cost. In response to the Kyle estimate, Williams sent the Fidelity appraiser to reinspect Roshto's car on August 2, 1989. On August 7, 1989, Fidelity unconditionally issued a supplemental draft to Roshto in the amount of $994.51. Thereafter, Roshto's attorney, in two letters to Fidelity, detailed the remaining deficiencies and demanded payment of the difference between Kyle's estimate and the amount previously paid. These letters were dated August 24, 1989 and October 3, 1989, respectively.
On October 19, 1989, Fidelity again sent its appraiser to inspect Roshto's car. As a result of this appraisal, on October 27, 1989, Williams issued a supplemental draft payable to Roshto in the amount of $855.42. Roshto returned the rental vehicle to Ken Brady Ford, Inc. on November 6, 1989, and picked up her repaired car from Kyle's Body Shop on November 14, 1989. She paid the remaining balance due Kyle's, i.e., $456.38.
On November 21, 1989, Roshto's attorney made demand upon Fidelity for payment of the car rental charges incurred by Roshto. This demand letter was received by Williams on November 27, 1989. Fidelity thereafter sent a $300 check to Roshto's attorney on January 16, 1990, as reimbursement for the car rental expense. In its cover letter, Fidelity advised that, under *1065 the terms of the policy, it was only bound to reimburse Roshto for car rental charges not to exceed $300. By letter dated January 23, 1990, Roshto's attorney acknowledged receipt of the $300 from Fidelity and, once again, demanded payment of $4,165.45, the balance due.

APPLICABILITY OF LA.R.S. 22:658
Fidelity first asserts that the trial court erred in finding it liable for penalties and attorney fees under La.R.S. 22:658. Specifically, Fidelity contests the trial court's finding that it acted arbitrarily and capriciously. The statute provides, in pertinent part, as follows:
"A.(1) All insurers issuing any type of contract, other than those specified in R.S. 22:656, R.S. 22:657, and Chapter 10 of Title 23 of the Louisiana Revised Statutes of 1950, shall pay the amount of any claim due any insured within thirty days after receipt of satisfactory proofs of loss from the insured or any party in interest.
B.(1) Failure to make such payment within thirty days after receipt of such satisfactory written proofs and demand therefor, as provided in R.S. 22:658(A)(1), or within thirty days after written agreement or settlement as provided in R.S. 22:658(A)(2) when such failure is found to be arbitrary, capricious, or without probable cause, shall subject the insurer to a penalty, in addition to the amount of the loss, of ten percent damages on the total amount of the loss, or one thousand dollars, whichever is greater, payable to the insured, or to any of said employees, together with all reasonable attorney fees for the prosecution and collection of such loss, or in the event a partial payment or tender has been made, ten percent of the difference between the amount paid or tendered and the amount found to be due and all reasonable attorney fees for the prosecution and collection of such amount."
The purpose of the statute is to insure that an insurance carrier, which is fully apprised of the facts and circumstances which establish the plaintiff's right to recovery, does not arbitrarily or capriciously deny a claim that is due. Savoy v. Chapman, 441 So.2d 21 (La.App. 3rd Cir.1983). La.R.S. 22:658 is penal in nature and must be strictly construed. The burden of proof is on the claimant to prove the insurer acted arbitrarily, capriciously, or without probable cause in unreasonably delaying processing of the claim or denying the claim. LaHaye v. Allstate Insurance Company, 570 So.2d 460 (La.App. 3rd Cir. 1990), writ denied, 575 So.2d 391 (La.1991); Sibley v. Insured Lloyd's, 442 So.2d 627 (La.App. 1st Cir.1983).
Where there exists a reasonable dispute as to the amount of loss, the insurer can avoid the imposition of penalties and attorney's fees by unconditionally tendering the part of the claim which is undisputed. LeBlanc v. Underwriters at Lloyd's, London, 402 So.2d 292 (La.App. 3rd Cir. 1981). The tender must be made, considering the facts known to the insurer at the time of tender, in an amount over which reasonable minds could not differ was due the claimant. Wyble v. Allstate Insurance Company, 581 So.2d 325 (La.App. 3rd Cir. 1991). A trial court's conclusion concerning the assessment of statutory penalties is in part a factual determination which should not be disturbed absent a finding that it is manifestly erroneous. LaHaye, supra; Sibley, supra.
The trial court, without going into specifics, concluded that Fidelity was arbitrary and capricious in unreasonably delaying processing of Roshto's claim. This determination is not manifestly erroneous. Fidelity first became aware on July 21, 1989 that a dispute existed over the repair cost of Roshto's car. The amount remaining in dispute, $2,387.04, was substantial. Fidelity then appraised the car twice over the subsequent three month period and, as a result, issued drafts of $994.51 on August 7, 1989 and $855.42 on October 27, 1989. The fact that the first draft was issued for less than one-half of the amount remaining in dispute, when viewed in light of the fact that Fidelity issued a subsequent draft two and one-half months later, clearly suggests that Fidelity's actions in processing the *1066 claim were not reasonable. Additionally, in this suit Roshto was awarded reimbursement for the sum of $456.38 which she paid Kyle's over and above the amounts previously received by her from Fidelity.
On this issue, the trial court did not clearly err in finding that, under the particular facts of this case, Roshto is entitled to penalties and attorney fees under R.S. 22:658.

FIDELITY'S LIABILITY UNDER THE KEN BRADY FORD, INC.KIMBERLY ROSHTO RENTAL AGREEMENT
The trial court concluded that, as a result of Fidelity's improper handling of the claim, Roshto was required to drive a rental car for the extended time period involved in repairing her car. Roshto was awarded $4,161.45 (the cost of rental less the $300 previously paid by Fidelity under the rental reimbursement provision) plus $1,000 in attorney fees. On appeal, Fidelity asserts that it should not have been held liable for any amount greater than the $300 limit of liability for rental reimbursement provided for in the policy. The policy provides, in pertinent part:

"RENTAL REIMBURSEMENT
To pay the reasonable expenses, not to exceed ten dollars ($10.00) per day and not more than three hundred dollars ($300.00) per policy period, for rental reimbursement ..."
In Defelice Industries, Inc. v. Harris, 573 So.2d 643 (La.App. 4th Cir.1991), writ denied, 577 So.2d 52 (La.1991), the court addressed the issue of whether an insured has a cause of action for damages against his vehicle physical damage insurer beyond the policy limits and statutory penalties and attorney fees. The Fourth Circuit held that, because the legislature provided a remedy in La.R.S. 22:658 for insureds against insurers whose actions are found to be arbitrary, capricious, or without probable cause, the insured was precluded from recovering consequential or exemplary damages beyond policy proceeds, interest penalties, and attorney's fees. We find this decision both persuasive and a correct interpretation of the applicable law. Thus, the trial court erred in casting Fidelity with the rental expense damages of $4,161.45 and associated attorney fees of $1,000.[1]

FIDELITY'S LIABILITY FOR "PENALTIES" AND "DAMAGES"
The trial court found Fidelity liable to Roshto for "penalties" of $259.63 and "damages" of $1,383.40. On appeal, Fidelity contends that La.R.S. 22:658 only authorizes the award of penalties and not damages, and, as such, the damages awarded should be reversed.[2] We agree. An examination of the statute reveals that it only authorizes penalties and attorney fees. Therefore, the award of damages by the trial court was erroneous and must be reversed and set aside.

DECREE
For the above and foregoing reasons, the judgment of the trial court awarding damages of $1,383.40, rental reimbursement of *1067 $4,161.45 and attorney's fees in connection with the rental reimbursement of $1,000 in favor of defendant-third party plaintiff, Kimberly Roshto, and against third party defendant, Fidelity, is reversed and set aside. In all other respects, the judgment of the trial court is affirmed. Costs of this appeal are to be paid one-half (½) by Kimberly Roshto and one-half (½) by Fidelity Fire and Casualty Insurance Company.
REVERSED IN PART AND AFFIRMED IN PART.
NOTES
[1] We observe that La.R.S. 22:658 was amended by Act 638 of 1989 to add the following provision regarding expenses incurred in obtaining alternative transportation:

"(4) Whenever a property damage claim is on a personal vehicle owned by the third party claimant and as a direct consequence of the inactions of the insurer and the third party claimant's loss the third party claimant is deprived of use of the personal vehicle for more than five working days, excluding Saturdays, Sundays, and holidays, the insurer responsible for payment of the claim shall pay, to the extent legally responsible, for reasonable expenses incurred by the third party claimant in obtaining alternative transportation for the entire period of time during which the third party claimant is without the use of his personal vehicle."
This amendment became effective for all claims arising after midnight, December 31, 1989 and therefore is not applicable to the claim in this case. The above quoted provision was further amended by Act 955 of 1990 to add penalties and attorney fees for the arbitrary and capricious failure of the insurer to comply with such provision.
[2] Fidelity does not contest the trial court's calculation of the penalty assessed.